REPUBLIC NATIONAL LIFE INSUR-
ANCE COMPANY, Appellant,

v.

UNITED STATES FIRE INSURANCE
COMPANY, Appellee.

No. 19852.

Court of Civil Appeals of Texas,
Dallas.

Sept. 14, 1979.

Rehearing Denied Oct. 30, 1979.

738

John J. Irvin, Dallas, for appellant.

James A. Williams, Milam Randolph Pharo, Bailey, Williams, Westfall, Lee & Fowler, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and HUMPHREYS, JJ.

HUMPHREYS, Justice.

This is an action on a fidelity bond issued by appellee, United States Fire Insurance Company, insuring appellant, Republic National Life Insurance Company, against losses due to fraudulent acts of its employees. After discovery that one of Republic's employees had forged a number of checks and had subsequently altered the amounts of some of them, Republic filed a proof of loss, showing a loss of $32,924.84, but actually claiming only $13,692.84, which U. S. Fire paid. Republic subsequently claimed an additional $19,232.00 of this loss, and when U. S. Fire refused further payment, Republic brought this suit. The trial court denied Republic's latter claim and held: (1) the claim was abandoned; (2) Republic released U. S. Fire from liability; (3) the proof of loss was not filed according to the terms of the policy; (4) this action was not timely under the policy; and (5) Republic destroyed U. S. Fire's subrogation rights against the California banks which cashed them and the Texas bank on which they were drawn by failing to pursue its remedies against them. Republic argues that these five conclusions were error, and we agree with Republic and reverse. We remand, however, to determine if Republic notified its drawee bank of the loss within one year.

The following facts were stipulated by the parties. U. S. Fire issued a bond to Republic in 1961 insuring against losses due to dishonest and fraudulent acts of Republic's employees. In 1973, Republic's employee Lenore Roberson issued checks drawn on its Texas bank account for fraudulent insurance claims. Later the amounts of some of these checks were altered. The checks were deposited in California banks, which paid most of them on the endorsements forged by the employee or others. The Texas drawee bank also paid most of these items. Republic filed an initial proof of loss with U. S. Fire dated October 31, 1973, for $12,948.71. This document stated that it was "a partial proof of loss" and that "efforts are in progress to collect the altered amounts over the original amount from banks accepting these items and these ef-

forts have been commenced without waiver of the right to recovery under the bond." On November 27, 1973, Republic filed a supplemental proof of loss showing the total loss to be $32,924.84, but limiting its claim against U. S. Fire to $13,692.84, the original face amount of the checks. Republic sent a letter with this supplemental proof of loss stating that it was the "final" proof of loss.

In response to this supplemental proof of loss, U. S. Fire paid Republic $13,255.59 and appellant signed a release which recites, "IN CONSIDERATION of the sum of . . ($13,255.59), . . . Republic National Life Insurance Company does hereby forever release and discharge Industrial Indemnity Company [which had acquired U. S. Fire by merger] from and against any demand, claim, cause . . . whatsoever under [this policy]." The $13,255.59 check recited, "In full and final settlement, fidelity loss, principal Lenore Robertson." No objection was made to the language in the release or in the check. About this time Republic informed U. S. Fire that it would continue in its attempt to recover from the banks the increases in the altered checks over the original amounts. Such attempt against the drawee bank was unsuccessful, but Republic took no legal action against either the drawee bank or the California depository banks. In January 1976, more than one year after Republic had discovered the forgeries and alterations, it filed another claim with U. S. Fire for $19,232, representing the increase in the amounts of the altered checks over the amounts for which they were originally drawn. U. S. Fire refused payment, and Republic brought this action. The trial court granted judgment for U. S. Fire.

 We consider first Republic's argument that the court erred in holding that Republic's filing of the supplemental proof of loss for $13,692.84 abandoned all of Republic's other claims. Abandonment is a question of intent. It is defined as the voluntary relinquishment of a known right or conduct inconsistent with an intent to

assert that right. It is a question of fact to be established by clear and convincing evidence. *Shosid v. Hughes Tool Co.*, 258 S.W.2d 945, 948 (Tex.Civ.App.—Dallas 1953, writ ref'd n. r. e.); *City of Anson v. Arnett*, 250 S.W.2d 450, 454 (Tex.Civ.App.—Eastland 1952, writ ref'd n. r. e.; *Jordan Drilling Co. v. Starr*, 232 S.W.2d 149, 159 (Tex. Civ.App.—El Paso 1949, writ ref'd n. r. e.). The proof of loss showed the total amount of loss to be $32,924.84, which covered this $19,232 claim as well as the initial claim of $13,692.84. Republic's initial proof of loss stated that efforts to collect from the banks "have been commenced without waiver of the right to recovery under the bond." Republic did not assert at any time that it would not pursue a claim for the entire loss from U. S. Fire. Neither Republic's claim for the smaller amount in the supplemental proof of loss nor its statement that it was trying to recover the remainder of the loss from the banks is evidence of probative force of an intent to abandon the claim for the remainder from U. S. Fire.

■ Republic's second point concerns the release which it executed after accepting the $13,255.59 check from U. S. Fire. This purported release of all claims under the policy for losses due to this employee cannot cover the $19,232 claim now being asserted because there was no consideration for the release of that claim. U. S. Fire did not dispute owing $13,255.59 to Republic under its policy. Consequently, payment of that amount cannot serve as consideration for a release of another claim under the bond. *Potter v. Reinhart*, 337 S.W.2d 174, 178 (Tex.Civ.App.—Waco 1960, writ ref'd n. r. e.); *Woodman of World Life Insurance Society v. Smauley*, 153 S.W.2d 608, 612 (Tex. Civ.App.—Eastland 1941, no writ).

■ U. S. Fire contends that consideration existed to release this claim because, in reliance on Republic's statement that it would seek recovery from the banks for the raised amounts of the checks, U. S. Fire lost its subrogation rights to sue the banks. It argues that the statute of limitations for Republic's suit against the California banks and its claim against the drawee bank was one year, and that since Republic failed to sue the banks within one year, U. S. Fire cannot now successfully bring such a suit. Even if we hold that limitation has run, Republic's failure to bring such a suit would not constitute consideration for the release. At the time the release was executed, U. S. Fire was not contracting to forfeit any subrogation rights or to give up any future rights. Republic's failure to sue the banks within a year, which allegedly resulted in U. S. Fire losing its subrogation rights more than six months later, is not consideration to support the release. The consideration to support a contract must be regarded by the parties as such when they enter into the contract. *Johnson v. Breckenridge—Stephens Title Co.*, 257 S.W. 223, 226 (Tex.Com. App.1924, jdgmt. adopted); *Hardwicke v. Trinity Universal Insurance Co.*, 89 S.W.2d 500, 506 (Tex.Civ.App.—Eastland 1935, writ dism'd).

■ Republic also attacks the trial court's holding that the proof of loss was not filed according to the terms of the policy, which require the proof of loss to be filed within one hundred days of the discovery of the loss. The loss was discovered in August, and the supplemental proof of loss was filed November 27. This supplemental proof listed the total loss as $32,-924.84, although it further stated that Republic did not then claim that entire amount from U. S. Fire. It is not clear from the record if this was filed within the one hundred days. U. S. Fire, however, paid the amount then claimed on this proof of loss and has not shown the proof of loss to be untimely. Therefore, any delay in filing this proof of loss has been waived, and the question is whether the supplemental proof of loss showing a total loss of $32,924.84, but claiming only $13,692.84, can be considered a sufficient proof of loss for the $19,232 claim. We hold it is sufficient because all the necessary proof for this latter claim is contained in the supplemental proof of loss. The policy only requires the proof of loss be filed "with full particulars." The proof of loss forms only require that the losses be itemized in detail and the

originals of the items claimed as loss be attached. Substantial compliance with the proof of loss requirements of the policy is sufficient. *Hanover Insurance Co. of New York v. Hagler,* 532 S.W.2d 136, 138 (Tex. Civ.App.—Dallas 1975, writ ref'd n. r. e.); *Home Insurance Co. v. Greene,* 443 S.W.2d 326, 330–31 (Tex.Civ.App.—Texarkana 1969), *aff'd,* 453 S.W.2d 470 (Tex.1970). No contention is made that Republic did not follow U. S. Fire's requirements. The proof of loss gave appellee all the information it needed to investigate and determine its liabilities on this policy, regardless of the amount initially claimed by Republic. Consequently, we hold that the proof of loss was sufficient for the entire claim.

■■■ Republic's fourth point asserts that the trial court erred in holding that the suit was filed within the time allowed by the policy, which requires legal proceedings to be brought within twenty-eight months "after the cause of action shall have accrued." This action was brought February 9, 1976. U. S. Fire asserts that the cause of action accrued when the loss was discovered in late August, 1973. We disagree. A cause of action in a suit on an insurance policy accrues when liability is denied by the insurer. *Trinity Universal Insurance Co. v. Howeth,* 419 S.W.2d 704, 706 (Tex. Civ.App.—Texarkana 1967, no writ). Here, U. S. Fire did not deny liability for the $19,232 claim until Republic made the claim in January, 1976. Even if the cause of action accrued as early as October 31, 1973, when the first "partial proof of loss" was filed, twenty-eight months after that date had not elapsed when this suit was filed on February 9, 1976. We hold that the cause of action did not accrue before the initial proof of loss was filed, although we need not determine the exact date it did accrue.

■■■ Republic's final point contends the court erred in holding that the suit was barred because Republic's delay in making its claim destroyed U. S. Fire's subrogation rights. U. S. Fire argues that this suit is barred because Republic destroyed any subrogation rights against the California banks by failing to bring suit against them within one year after discovery of the loss. Although the policy here does not provide U. S. Fire with the right of subrogation, we agree that U. S. Fire, on payment of this claim, would be subrogated to whatever rights Republic had against the drawee and depository banks. *International Insurance Co. v. Medical—Professional Building of Corpus Christi,* 405 S.W.2d 867, 869 (Tex. Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.). We agree also with appellee's contention that if Republic's failure to sue the banks destroyed U. S. Fire's subrogation rights against the banks, Republic's right of recovery under its policy with U. S. Fire for that amount would be barred. *Foundation Reserve Insurance Co. v. Cody,* 458 S.W.2d 214, 216 (Tex.Civ.App.—Dallas 1970, no writ); *Millers Mutual Fire Insurance Co. v. Mitchell,* 392 S.W.2d 703, 706 (Tex.Civ.App. —Tyler 1965, no writ). Additionally, we recognize that if the limitation period has run against the subrogor, Republic, U. S. Fire's cause of action as subrogee against the banks would also be barred. *Fishel's Fine Furniture v. Rice Food Market,* 474 S.W.2d 539, 541 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ dism'd).

■■■ We disagree, however, with U. S. Fire's assertion that any suit by Republic against the California depository banks would be barred by Republic's failure to sue them within one year of discovery of the altered checks. U. S. Fire relies on a California statute, Cal.Civ.Proc.Code § 340(3) (1972), providing that suits by a depositor on forged or materially altered items must be brought within one year of discovery. Under Tex.Bus. & Comm.Code Ann. § 4.102(b) (Tex.UCC) (Vernon 1968), California law would apply to a suit against the California banks. We hold the California statute does not bar Republic's action since Republic was not a depositor of the California banks.

■■■ U. S. Fire contends, nevertheless, that any claim by Republic or its subrogee against the banks would be barred because the depository banks would be entitled to make the same defense as the banks on which the checks were drawn. In support

of this contention, U. S. Fire cites *Allied Concord Financial Corp. v. Bank of America National Trust and Savings Association*, 275 Cal.App.2d 1, 80 Cal.Rptr. 622 (1969). That case is not controlling here because the drawee bank's defense in that case, the California one-year statute of limitation, would not bar a suit by Republic against its drawee bank, which is a Texas bank. We are not aware of any statute in Texas barring suits for alterations not brought within a year of discovery. Since the California one-year statute would not bar a suit against the drawee bank, it does not bar a suit against the depository banks.

U. S. Fire also argues Republic is barred from suing either the Texas or the California banks because Tex.Bus. & Com. Code § 4.406(d) (Tex.UCC) (Vernon 1968), which is also in effect in California, requires Republic to bring suit within one year. This statute does not require suit to be brought within a year, but rather bars a claim by a customer against a bank for an alteration of an item if the customer does not *report* the loss to the bank within one year of the time the statements are made available to it. The record does not reflect whether Republic reported the alterations to its drawee bank within a year of the time the statements were made available to it. Since the evidence was not fully developed on this question, we cannot render judgment for Republic, but must remand for a determination of whether the bank was notified of the alterations within one year. *United States Fire Insurance Co. v. Carter*, 473 S.W.2d 2, 3 (Tex.1971). If it was not, section 4.406(d) would bar a claim by Republic against the banks and Republic would have destroyed any of U. S. Fire's subrogation rights against the banks. This in turn would bar Republic's claim against U. S. Fire. If on remand it is determined that Republic did notify its bank of the alterations within one year after receiving the statements, it may have a claim against either its drawee or the depository banks. If the court determines that U. S. Fire has lost no subrogation rights, Republic should recover its claim against U. S. Fire.

Republic asserts several other arguments that there were no subrogation rights to lose in this case. We do not discuss these because the record was not adequately developed on these matters and thus can be better determined by the trial court on another trial.

Reversed and remanded.