Adrian MADORE, et al., Appellants,

v.

DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY, et al., Appellees.

No. 2-84-264-CV.

Court of Appeals of Texas, Fort Worth.

Sept. 5, 1985.

Susan Jensen and John R. Jensen, Arlington, for appellants.

Simons, Peebles, Gardner, Betty & Brantley and Anne Gardner, Fort Worth, Grady W. Harris, Arlington, for appellees.

Before FENDER, C.J., and ASHWORTH and HILL, JJ.

## OPINION

FENDER, Chief Justice.

Al Madore brought suit against his insurance company and insurance agent, Dairyland County Mutual Insurance Company and Jerry Jordan, because of an accident suffered by Madore's stepson, William Rios, while riding on Madore's motorcycle. The accident involved a collision between Rios and an uninsured motorist. The trial court granted appellees' motions for summary judgment in which it was asserted that Madore had no justiciable interest in bringing the suit, and that the joinder of Rios as a party plaintiff was made after the running of the statute of limitations. Appellants present four points of error.

We reverse and remand.

Rios' accident occurred on April 17, 1980. On September 8, 1981, an attorney representing both Madore and Rios wrote a de-

mand letter to Dairyland County, in which a claim was made for the value of the motorcycle plus personal injuries suffered by Rios, including lost income, medical expenses and pain and suffering. On September 28, 1981, Dairyland County responded to the attorney's demand letter by stating that there was no personal injury protection (PIP) or Uninsured Motorist (UM) coverage on Madore's policy, thus rejecting any injury claim for Rios.

In April 1982 Madore brought suit against Dairyland County and Jerry Jordan. In pertinent part, the petition stated:

"NOW COMES AL MADORE, hereinafter referred to as Plaintiff, . . . .

\* \* \* \* \* \*

III.

On or about April 17, 1980, Plaintiff's son was involved in an automobile accident. . . .

\* \* \* \* \* \*

IV.

That claim was made through Defendant Jordan's agency. . . .

\* \* \* \* \* \*

V.

Plaintiff herein makes claim against Defendant Dairyland and/or Defendant Jordan for all damages incurred by both Plaintiff and Plaintiff's son, William Joseph Rios. . . .

In March 1983 Jordan filed a motion for summary judgment in which he alleged that Madore had rejected in writing PIP and UM coverage. This motion was denied.

Both sides then proceeded to conduct discovery. In August 1984 Madore was deposed, at which time he testified that he had sustained no damages which would be covered by PIP or UM. It was also revealed during the deposition that Rios was Madore's stepson, not his son, and that Rios was nineteen or twenty years old and

had a wife and children at the time of the accident.[1]

On the basis of this deposition, Dairyland moved for summary judgment on the grounds that Madore possessed no cause of action against Dairyland, and that the true party in interest, Rios, was not a plaintiff in the lawsuit. In response, Madore amended his petition by explicitly denominating Rios as a plaintiff. Dairyland and Jerry Jordan then filed several amended motions for summary judgment, in which they renewed their objection to Madore on the ground that he was not a proper party, and stated that Rios' claim was barred by the statute of limitations since it was filed on August 20, 1984, which was more than four years after the alleged accident on April 17, 1980. The trial court granted their motions for summary judgment.

Appellants raise four points of error. They contend that (1) Madore had a justiciable interest because he was a promisee in a third party beneficiary contract; (2) the addition of Rios as a plaintiff related back to the date of Madore's original petition since Rios' claim is the same as Madore's; (3) appellees should not be allowed to assert that Madore lacks capacity, since such assertion, made more than two years after Madore filed his original petition and arguably after limitations has run against Rios, renders TEX.R.CIV.P. 93(1), (2) a nullity; and (4) limitations never actually ran against Rios since his cause of action against Dairyland sounds in contract with a four-year statute of limitations and such cause of action did not accrue until September 1981, when his claim was rejected, which date was less than four years before his entry as a plaintiff in August 1984.

We agree with appellants' points of error two and four, and consequently, we find it unnecessary to address points of error one and three.

■ First, in regard to point of error four, appellees have alleged that Rios' cause of action accrued on April 17, 1980,

the date of his accident. We disagree. Rios' cause of action against Dairyland County and Jordan for personal injury protection and uninsured motorist coverage, based on his status as a permittee of an insured, accrued on the date his claim was denied by the insurance company. *See Republic Nat. Life Ins. v. U.S. Fire Ins. Co.,* 589 S.W.2d 737, 741 (Tex.Civ.App.—Dallas 1979,) *rev'd on other grounds,* 602 S.W.2d 527 (Tex.1980); *Trinity Universal Insurance Company v. Howeth,* 419 S.W.2d 704, 706 (Tex.Civ.App.—Texarkana 1967, no writ).

■ Every inference must be made against a movant for summary judgment. *See Wilcox v. St. Mary's University,* 531 S.W.2d 589, 592–93 (Tex.1975). The only evidence in the record relevant to the denial of Rios' claim shows that it was denied in September 1981, which was a year and five months after the accident. Appellees have not argued that the insurance policy itself contained a contractual provision which might bar Rios' claim because it was untimely presented. It is not clear when Madore and Rios first made claim against appellees. At the very latest, it was September 1981. Since there is no evidence that a claim brought in September 1981 was brought too late for purposes of the insurance contract, we hold the claim was timely filed. Since the claim was denied on September 28, 1981, any cause of action Rios has against appellees accrued on that date.

■ In *Franco v. Allstate Insurance Company,* 505 S.W.2d 789, 790 (Tex.1974), the Supreme Court held that a four-year statute of limitations applied to an insured's claim against his insurance company for PIP and UM coverage. In the case at bar, Rios is a permittee of an insured, not an actual insured. However, we see no difference and hold that a four-year statute of limitations applied to his claim against appellees. Thus, Rios' claim was timely brought against appellees since it was

---

**1.** There is no deposition contained in the appellate record before us. Since appellant has not contested the allegations found in appellees'

brief that he made such statements at his deposition, we will accept them as true.

brought before September 28, 1985. Appellants' fourth point of error is sustained.

■ In regard to point of error two, we note that the cause of action asserted formally by Rios as a plaintiff arises out of the same transaction as asserted by Madore in his original petition. TEX.REV. CIV.STAT.ANN. art. 5539b (Vernon 1958) expressly allows for an amended pleading to relate back to the date of the original provided the amendment is not based upon "a new, distinct or different transaction and occurrence."

Appellees contend that the filing of the original petition in the name of Madore did not toll the running of the statute as to Rios. Appellees point out that Rios was only a stepson, not a son, that he never transferred his cause of action to Madore, and that Rios could have maintained the suit in his own name. Appellees contend that the relationship between Madore, as the insured, and Rios, as the permittee of the motorcycle, was no greater than that of mere neighbors, and that consequently, the filing of the suit by Madore did not toll the statute of limitations as to Rios.

We disagree. In a variety of cases, Texas courts have allowed amendments to correct a misnomer or a misdescription of a party. *See Vaughn Bldg. Corp. v. Austin Co.*, 620 S.W.2d 678 (Tex.Civ.App.—Dallas 1981), *aff'd*, 643 S.W.2d 113 (Tex.1982); *Yeary v. Hinojosa*, 307 S.W.2d 325 (Tex. Civ.App.—Houston 1957, writ ref'd n.r.e.). *See generally*, 2 R. McDonald, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS, sec. 8.12.3 (rev. 1982). These corrections have included:

1. correction of misnomer of the plaintiff;
2. correction of a description of business organization of the plaintiff;
3. substitution of plaintiffs suing in a representative capacity for plaintiffs suing as individuals;
4. substitution of real party in interest for one suing as his representative, or for a nominal or pro forma party;
5. substitution of individual partners as plaintiffs in action brought by partnership.

We acknowledge that the relationship of an insured to his permittee is weaker than the relationships noted above. However, the policies established in the above-cited examples favor allowing a permittee's claim to relate back to the claim asserted by the insured on the permittee's behalf.

Moreover, the general policy of the statute of limitations must be examined. Although Rios was not formally denominated as a party plaintiff in Madore's original petition, the petition alleges that Rios was involved in an accident, that appellees had rejected his claim for damages, and then the petition asks for damages. Thus, appellees had timely notice of enough of the elements of Rios' cause of action as to satisfy the main objectives of the statute of limitations. In *Price v. Estate of Anderson*, 522 S.W.2d 690, 692 (Tex.1975), the Supreme Court allowed for a tolling of the statute of limitations even though the plaintiff's suing of the wrong defendant amounted to a mistake of law, not a mere misnomer. The Court noted that the true defendant was "at all times fully cognizant of the facts and could not have been misled as to the basis of the suit, nor was he placed at any disadvantage in obtaining relevant evidence to defend the same." *Id.*

We find that appellees were, or should have been, cognizant that Rios was bringing a claim for personal injuries. The September 1981 demand letter specifically asked for such damages. While Madore's original petition was not so specific, we find that, under the circumstances, it was sufficient to put appellees on notice.

Appellees rely on *Transport Ins. Co. v. Jaeger*, 534 S.W.2d 389 (Tex.Civ.App.— Houston [1st Dist.] 1976, writ ref'd n.r.e.); and *Cambridge Mut. Fire Ins. Co. v. Newton*, 638 S.W.2d 75 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). In *Transport*, an appeal of a decision of the Industrial Accident Board was brought in the name of the claimant's employer, and not in the name of the insurance carrier. Act of April 19, 1947, ch. 113, sec. 11, 1947 Tex.Gen.Laws 176, 180–81, *amended by* Act of June 6, 1957, ch. 397, sec. 2, 1957 Tex.Gen.Laws 1186, 1192, (hereinafter referred to as TEX. REV.CIV.STAT.ANN. art. 8307, sec. 5

(Vernon 1967)) *amended by* Act of June 15, 1977, ch. 412, sec. 1, 1977 Tex.Gen.Laws 1113, 1113–14, specifically states that the carrier, and not the employer, shall bring suit. After the 20-day limitation period set forth in the statute, the carrier attempted to file an amended petition in which it was named as the plaintiff. The Court of Appeals affirmed the trial court's decision dismissing the suit, holding that the original plaintiff was not an interested party, and that there had been a mistake as to law, not a mere misnomer.

*Transport* is distinguishable from the case at bar because it involves a situation where a statute specifically prescribes who may appeal a decision of the Industrial Accident Board. In the case at bar, there is no comparable statute. *Cambridge* is also distinguishable because it involved a situation where a specific contractual provision provided that suit must be brought within a certain time period.

We sustain appellants' point of error two. On the basis of our disposition of points of error two and four, the judgment is reversed and the cause remanded for trial on the merits of appellants' claims.

The summary judgment is reversed and the cause remanded for trial.