Mary Kay REAMES and John Guest, Appellants,

v.

Don LOGUE, Appellee.

No. 05–85–00943–CV.

Court of Appeals of Texas, Dallas.

May 29, 1986.

Rehearing Denied July 3, 1986.

James F. Menefee, P.C., Forney, Timothy E. Kelley, A.P.C., Dallas, for appellants.

Ron Johnson, Touchstone, Bernays, Johnston, Beall & Smith, Dallas, for appellee.

Before WHITHAM, McCLUNG and McCRAW, JJ.

McCRAW, Justice.

This appeal is from two take-nothing summary judgments granted in favor of Don Logue, defendant-appellee. Mary Kay Reames, plaintiff-appellant, and John Guest, defendant-appellant, allege that under the Texas Insurance Code, Logue, as a procurer of insurance contracts for an unauthorized insurer is liable to Reames for a settlement deficiency. Reames argues that although she compromised her judgment against the insurance company for a lesser sum, she should recover from Logue the full amount of the judgment under Texas Insurance Code article 1.14–1, section 8. We disagree with this assertion and, ac-cordingly, affirm the judgment of the trial court.

In late 1976 or early 1977, Logue recruited Guest as a "general agent" to sell health insurance policies on behalf of Continental Insurance Benefit Association (Continental). Guest sold Reames a Continental health insurance policy in June 1977. In October 1978 Continental transferred its insurance obligations to Protective American Life (PALife). Subsequently, Reames was diagnosed as having cancer and incurred significant medical expenses. PAL-ife refused to pay Reames's medical claims. In May 1979, Reames filed suit against Guest in a Dallas County district court for the medical claims that should have been paid by PALife. Reames alleges that Guest was the agent of Logue, who aided in the procurement of the unauthorized policy and, therefore, is liable. In October 1979 Reames filed suit against PALife in the United States district court for the Northern District of Texas. Reames alleged that she had incurred $28,429.25 in actual medical expenses and demanded prejudgment interest, a twelve percent statutory penalty, and attorney's fees. The federal district court rendered judgment in favor of Reames totaling $84,396.33; to cover her past medical expenses, future medical expenses, interest, attorney's fees, and costs of court. However, Reames became aware of PALife's involvement in a receivership and its possible future liquidation under the Bankruptcy Act. This information prompted Reames to accept a compromise settlement of $24,000 in "full and complete satisfaction and release" of the previous judgment.

After compromising the federal court judgment, Reames resumed her prosecution of the suit against Guest in the state court for recovery of that portion of the judgment for which she was not compensated (the deficiency) in the settlement. In response, Guest filed a cross-action against Logue on August 6, 1982, for indemnity or contribution for any liability he might incur to Reames. Logue then filed a motion for summary judgment on Guest's cross-action, which was granted. Reames entered into a

settlement and assignment agreement with Guest on November 8, 1983, thereby, obtaining any right or interest Guest had in his claims against Logue. Thereafter, on February 9, 1984, Reames initiated a direct suit against Logue. Logue's motion for summary judgment upon Reames's direct claim was successful. With six points of error, Reames brings this appeal in connection with her direct cause of action against Logue, and under those rights assigned to her by Guest as part of the settlement of claim agreement.

Summary judgment is proper when the defendant-movant proves each element of an affirmative defense which precludes the plaintiff's cause of action. *Traylor v. Unitedbank Orange*, 675 S.W.2d 802, 804 (Tex. App.—Beaumont 1984, writ ref'd n.r.e.); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 679 (Tex.1979); TEX.R.CIV.P. 166–A(c). We will examine the two causes of action separately. In Reames's point of error five, she asserts that the trial court erred in holding that the affirmative defense of statute of limitations is a bar to each of her causes of action.

■■■ The statute of limitations applicable after August 27, 1979, under former Texas Revised Civil Statutes article 5526, states that suits for "detaining the personal property of another" shall be commenced within two years after the cause of action accrues. A four-year limitation is imposed under former Texas Revised Civil Statutes article 5527, for "actions for debt." Act of June 13, 1979, ch. 716, 1979 Tex. Gen. Laws 1768, 1768–69. [These articles were repealed by Acts. 1985, 69th Leg., p. 7218, ch. 959, sec 9(1) and are presently located in the Texas Civil Practice and Remedies Code sections 16.003 and 16.004 (Vernon Pamph. 1986).] Reames filed suit against PALife in October 1979. Reames's direct suit against Logue was not filed until February 9, 1984. A cause of action under an insurance policy accrues when liability is denied by the insurer. *See Madore v. Dairyland County Mutual Insurance Co.*, 696 S.W.2d 274, 276 (Tex.App. —Fort Worth 1985, no writ); *Republic Na-*

*tional Life Insurance Co. v. United States Fire Insurance Co.*, 589 S.W.2d 737, 740 (Tex.Civ.App.—Dallas 1979), *rev'd on other grounds*, 602 S.W.2d 527 (Tex.1980). Reames's original petition states that Reames made a demand for payment more than thirty days before the petition was filed in October 1979, and that PALife refused to pay. This statement indicates that PALife's denial of liability, and Reames's cause of action, accrued more than thirty days before October 1979; over four years and four months before the filing of Reame's direct suit. Reames's direct cause of action is barred whether the two-year, or the four-year, statute of limitations is applied. We overrule Reames's point of error five as it applies to Reames's direct action and hold that the statute of limitation constitutes a complete bar.

Reames's point of error three claims that the trial court erred in holding that the release and settlement agreement made with PALife is a bar to her causes of action. As we have held the statute of limitations completely bars Reames's direct cause of action, we now address Reames's rights acquired through the assignment by Guest.

Reames accepted a compromise settlement of judgment in "full and complete satisfaction and release" of the federal judgment against PALife. Reames bases her causes of action for the deficiency against Guest and Logue upon the Texas Insurance Code article 1.14–1. The pertinent portion of the statute is reproduced below:

> In event of failure of any such unauthorized insurer to pay any claim or loss within the provisions of such insurance contract, any person who assisted or in any manner aided directly or indirectly in the procurement of such insurance contract shall be liable to the insured for the full amount thereof pursuant to the provisions of such insurance contract.

TEX. INS. CODE ANN. art. 1.14–1 sec. 8 (Vernon 1981).

■■■ The statute imposes liability upon Guest and Logue for the full amount due

under the insurance policy when not paid by the insurer. The full amount of insurance contract liability due to Reames was determined by the federal court to be $84,-396.33. Reames claims the benefits of article 1.14–1 and urges that Logue should be liable for the settlement deficiency as she has not received the "full amount" of the claim. We disagree. Reames's compromise and acceptance of the lesser amount from PALife in full satisfaction and release of this judgment is a bar to her recovery of any deficiency. When a judgment has been performed and satisfied, as by payment of the judgment, it is *functus officio.* *Transceiver Corp. of America v. Ring Around Products, Inc.,* 595 S.W.2d 623, 627 (Tex.Civ.App.—Tyler 1980, no writ); *Elkins v. Vincik,* 437 S.W.2d 49, 51 (Tex. Civ.App.—Austin 1969, no writ). The judgment was completely satisfied by PALife's payment of the $24,000 settlement which operated "to extinguish it [the judgment] for all purposes." *Piro v. Piro,* 349 S.W.2d 626, 629–30 (Tex.Civ.App.—Houston 1961, no writ).

Logue has proven each element of the affirmative defenses of statute of limitations against Reames's direct cause of action; and that the Reames—PALife extinguished judgment is a bar to the cause of action assigned to Reames by Guest; therefore Reames's causes of action are precluded and the summary judgments are proper. *Traylor,* 675 S.W.2d at 804. It is not necessary for this Court to address appellant's points of error one, two, four, or six as the affirmative defenses of limitations and bar by judgment effectively dispose of Reames's appeal.

We affirm.