David ALVAREZ, Appellant,

v.

AMERICAN GENERAL FIRE AND CASUALTY COMPANY, Appellee.

No. 13–87–502–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1988.

Richard C. Arroyo, J. Arnold Aguilar, Arroyo, Costilla, Stapleton, Uribe, Brownsville, for appellant.

Roy S. Dale, Richard L. Bilbie, Roy S. Dale & Associates, Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

The trial court entered a summary judgment for appellee, American General Fire and Casualty Co., based upon limitations.

American General Fire and Casualty Co., (American), issued an insurance policy to appellant containing a provision for coverage against uninsured motorists. On August 21, 1982, appellant sustained injuries in an incident with an alleged uninsured motorist. On April 20, 1983, appellant filed suit against the motorist for the injuries he received. On November 2, 1983, appellant demanded that American pay him the $10,-000.00 coverage of the uninsured motorist provision of his policy. American refused to pay. On November 19, 1985, a default judgment was entered in appellant's favor against the motorist for $110,000.00. Later, on September 9, 1986, appellant filed suit against American alleging that its refusal to pay his allegedly valid claim for uninsured motorist coverage amounted to a violation of Tex.Ins.Code Ann. art. 21.21 § 4(1) (Vernon 1981) and Texas Insurance Board Order 18663 which prohibit misrepresentation and false advertising of policy contracts.

American filed a motion for summary judgment alleging that appellant failed to file his suit (filed September 9, 1986) against it within two years from the date of the incident (August 21, 1982) and is therefore prevented from pursuing this cause of action by Tex.Civ.Prac. & Rem. Code Ann. § 16.003 (Vernon 1986). This statute provides that a cause of action for personal injury must be brought within two years after the cause of action accrues. American also alleged that appellant failed to file his suit within four years from the date of the incident and is therefore barred from bringing this suit by Tex.Civ.Prac. & Rem. Code Ann. § 16.004 (Vernon 1986) which provides that a contract action must be brought within four years after the cause of action accrues.

In his response to American's motion for summary judgment, appellant argued that American was not entitled to summary judgment as a matter of law because this suit is not barred by Tex.Civ.Prac. & Rem. Code Ann. § 16.004 (Vernon 1986).

By his sole point of error, appellant urges that the trial court erred in granting American's motion for summary judgment because his cause of action against American accrued when it denied liability and not when the incident occurred.

When reviewing the granting of a motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the nonmovants and indulge every reasonable inference in their favor. *Wilcox v. St. Mary's University*, 531 S.W.2d 589, 593 (Tex.1975). The movant for summary judgment has the burden to show that there are no genuine issues of material fact and that movant is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). In reviewing a summary judgment, we follow the well-established rules set out in *Nixon v. Mr. Property Management Co.*, 690

**158**

S.W.2d 546, 548–49 (Tex.1985); *Major Investments, Inc. v. DeCastillo,* 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *First Federal Savings & Loan Association v. Ritenour,* 704 S.W.2d 895, 901 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). The movant's burden is to show that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. The reviewing court, in determining whether a fact issue exists, must take all evidence favorable to the nonmovant as true. Every reasonable inference must be indulged, and every doubt resolved, in favor of the nonmovant.

American, by moving for summary judgment on the basis of the running of limitations, assumed the burden of showing as a matter of law that limitations barred appellant's suit. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). American failed to meet this burden.

■■■ A claim for uninsured motorist benefits is a matter of contract. It is a claim on a debt, and not a claim for an action in tort. The four-year statute of limitations found in Tex.Civ.Prac. & Rem. Code Ann. § 16.004 (Vernon 1986) applies to appellant's cause of action against American for uninsured motorist coverage. *See Franco v. Allstate Insurance Co.,* 505 S.W.2d 789, 793 (Tex.1974); *see also Madore v. Dairyland County Mutual Insurance Co.,* 696 S.W.2d 274, 276 (Tex.App.—Ft. Worth 1985, no writ). Appellant's claim for uninsured motorist coverage accrued when American denied liability for this claim. *See Reames v. Logue,* 712 S.W.2d 802, 804 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *see also Madore,* 696 S.W.2d at 276. Therefore, we hold that limitations began to run at the time when American denied appellant's claim for uninsured motorist coverage and not at the time of the incident giving rise to the claim. Appellant's point of error is sustained.

American also argues that the trial court did not err in granting its motion for summary judgment because appellant failed to offer any evidence that the uninsured motorist was in fact uninsured.

■■ American did not allege in its motion for summary judgment that the motorist involved in the incident with appellant was not uninsured. A movant may not be granted summary judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. He must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563, 564 (Tex.1983).

The judgment of the trial court is REVERSED and the cause is REMANDED for a trial on the merits.