TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00217-CV






Maryland Casualty Company, Appellant



v.



Jack Y. Evans, Sharla G. Evans and Taraz R. Evans, Appellees






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 18,180, HONORABLE FRED A. MOORE, JUDGE PRESIDING 






 Jack Y. Evans, Sharla G. Evans, and Taraz R. Evans sued Maryland Casualty Company
for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Deceptive
Trade Practices Act (DTPA) and the Insurance Code for its failure to pay on an insurance policy covering
their home that burned in 1981. After the jury found against the Evanses on their extracontractual claims,
the trial court awarded them recovery on the contract. In seven points of error, Maryland contends the
trial court erred in: 1) not finding that the contract claim was barred by limitations; 2) finding that the claim
was never denied because that finding is immaterial and unsupported by legally and factually sufficient
evidence; 3) improperly determining the date from which prejudgment interest should have been awarded;
4) failing to find that the Evanses' loss of title to the property precluded judgment in their favor; 5)
improperly determining the amount of attorney's fees awarded to the Evanses; 6) failing to credit Maryland
with a settlement payment to another party resulting from an adverse claim to the property; and 7) failing
to credit Maryland with costs assessed against the Evanses which the Evanses never paid, resulting from
the prior appeal. We will reverse and render judgment that the Evanses take nothing under the policy.


BACKGROUND

 In September 1979, Raymond W. Henry and Jean Henry conveyed property located in
Smithville to Sharla and Jack Evans's fourteen year old daughter, Taraz Evans, in lieu of payment for
construction work performed by Jack Evans's construction company. The Henrys executed a quitclaim
deed in 1979, followed by a general warranty deed recorded in 1980. The Evanses moved into the home
and in July 1981 purchased from Maryland a fire insurance policy providing up to $95,000 coverage for
the house, $28,000 for personal property, and $9,500 for living expenses. On October 20, 1981, an
electrical fire destroyed the home. Jack Evans filed a claim with Maryland the day of the fire. Maryland's
claims adjuster determined the home was a total loss. The policy contained a sixty-day investigation period
before the proceeds would become payable on December 21, 1981. But on November 11, 1981,
Maryland learned the Henrys had sued Jack Evans, d/b/a Cecom Construction Company, in Harris
County, seeking to set aside their conveyance of the house due to fraud and failure of consideration. The
Henrys sought to recover the insurance proceeds from the fire loss should they prevail in their suit against
Evans. Due to this adverse claim, Maryland notified the Evanses it would delay payment of the policy
proceeds. Jack Evans tried by telephone to persuade Maryland to pay his claim. On November 17, 1981,
the Evanses' attorney, Tim Leonard, wrote a letter to Maryland demanding payment of the proceeds. On
December 11, he wrote again and threatened legal action if the claims were not paid in full within ten days
of Maryland's receiving the letter. Maryland neither paid nor formally denied the Evanses' claim, pending
resolution of the Henrys' adverse claim. The Evanses left Texas in December 1981.

 On January 13, 1982, the Harris County district court issued a prejudgment writ of
garnishment commanding Maryland not to pay any debt it owed to Jack Evans. Maryland asked Mr.
Leonard to make his clients available for sworn testimony; he responded that the Evanses were
"unavailable." In March 1982, Mr. Leonard withdrew as the Evanses' attorney. That same month, the
Henrys obtained a default judgment against Evans for over one million dollars; this judgment set aside the
quitclaim deed to the insured property. On April 29, 1982, the Henrys obtained another writ of
garnishment, again commanding Maryland not to pay the insurance proceeds to the Evanses. On
December 2, 1983, after two years of silence, new counsel for the Evanses made written demand on
Maryland for the policy proceeds; a second letter followed on February 14, 1984. Under court order not
to pay, Maryland made no response. On October 1, 1984, Maryland and the Henrys executed a written
agreement of settlement and compromise: the Henrys accepted $27,500 and agreed to release and hold
Maryland harmless. In an unrelated court proceeding, Jack Evans's construction company became an
involuntary debtor in bankruptcy proceedings in Houston and, on August 10, 1984, the bankruptcy court
set aside the Henrys' conveyance of the Smithville property as fraudulent. 

 In 1985 the Evanses returned to Texas and filed suit against Maryland on April 3, 1985,
seeking recovery of their insurance policy proceeds as well as damages for breach of the duty of good faith
and fair dealing and DTPA violations due to Maryland's unreasonable delay in paying their claims. 
Following a jury verdict that Maryland had engaged in unfair insurance acts and bad faith, the trial court
awarded judgment of $2,599,000 on those claims and $132,500 recovery on the insurance policy, plus
prejudgment interest and attorney's fees. Maryland appealed and this Court found the evidence factually
insufficient to support the jury's finding of unreasonable delay in light of the rival claims and the writs of
garnishment. We also held Maryland was improperly denied a jury issue on when its duty to pay this claim
began, was suspended, or ended. We reversed and remanded the cause for a new trial. See Maryland
Casualty Co. v. Evans, No. 3-88-047-CV (Tex. App.--Austin 1989) (not designated for publication). 

 In the second jury trial, the district court again submitted jury questions only on the
extracontractual causes of action, reserving to the trial court the issue of recovery on the contract. This time
the jury rejected the Evanses' bad faith and DTPA claims. Despite Maryland's motion for a take-nothing
judgment, asserting that limitations barred recovery on the contract, the trial court awarded $132,500 in
policy proceeds to the Evanses, plus $146,969.98 in attorney's fees and costs through trial, and
$233,357.45 in prejudgment interest. The trial court made findings of fact and conclusions of law. 


DISCUSSION

Limitations

 In its first point of error, Maryland contends the trial court erred in awarding recovery of
the policy proceeds because the Evanses' contract claim was barred by limitations. In its second point of
error, Maryland challenges the trial court's finding of fact and conclusion of law that Maryland never denied
the Evanses' claim, alleging that the finding is not supported by legally and factually sufficient evidence and
the conclusion of law is immaterial. We will address these two points of error together in determining
whether the trial court erred in concluding that the contract claim was not barred by limitations.

 The parties agree the action is governed by the limitations clause in the policy which
required a suit for proceeds to be filed within two years and one day after the cause of action accrued. The
issue presented is when, under these peculiar legal and factual circumstances, did the Evanses' cause of
action accrue? 

 In conclusion of law number seven, the trial court concluded that the Evanses' contract
claim was not barred by limitations. It made findings of fact that the fire occurred on October 20, 1981,
and that Maryland never denied the Evanses' claim for proceeds under the policy. There is no dispute that
the Evanses first filed this cause of action on April 3, 1985. The trial court's findings do not support its
conclusion that the claims are not barred by limitations unless it accepted the Evanses' legal theory that a
cause of action for insurance proceeds never accrues until the claim is unequivocally denied. 

 When a cause of action accrues is ordinarily a question of law for the court. Willis v.
Maverick, 760 S.W.2d 642, 644 (Tex. 1988). An appellate court reviews a trial court's conclusions of
law de novo. See Barber v. Colorado Indep. Sch. Dist., 901 S.W.2d 447, 450 (Tex. 1995). A
conclusion of law will not be reversed unless it is erroneous as a matter of law. Westech Eng'g, Inc. v.
Clearwater Constructors, Inc., 835 S.W.2d 190, 196 (Tex. App.--Austin 1992, no writ).

 Generally, a cause of action accrues when facts come into existence authorizing a claimant
to seek a judicial remedy. See Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828 (Tex. 1990);
Robinson v. Weaver, 550 S.W.2d 18, 19 (Tex. 1977). A cause of action for insurance proceeds
generally accrues when the insurance company denies the insured's claim. See, e.g., Alvarez v. American
Gen. Fire & Cas. Co., 757 S.W.2d 156, 158 (Tex. App.--Corpus Christi 1988, no writ); Reames v.
Logue, 712 S.W.2d 802, 804 (Tex. App.--Dallas 1986, writ ref'd n.r.e.); Madore v. Dairyland County
Mut. Ins. Co., 696 S.W.2d 274, 276 (Tex. App.--Fort Worth 1985, no writ). These cases govern if
there has been a denial. They do not support the proposition that when there has never been a denial a
cause of action never accrues and limitations never begin to run. Such a syllogism leads to an absurd result. 
Under this theory, the Evanses would never be barred from filing suit to recover their policy proceeds--not
ten years after the fire, not twenty years after the fire, not ever. We reject as clearly erroneous the trial
court's ruling that a cause of action for an insurance claim never accrues until the insurance company
formally denies the insured's claim. Apart from this legal theory that the Evanses' cause of action had not
accrued until it filed suit, the trial court's findings of fact do not support its conclusion that this cause of
action was not barred by limitations. 

 When there is no outright denial of a claim, the exact date of accrual of a cause of action
becomes difficult to ascertain. No Texas law offers a bright-line test of when the cause of action accrues
in this circumstance, but we are guided by the supreme court's instruction that a cause of action accrues
when facts come into existence authorizing a claimant to seek a judicial remedy. See Murray, 800 S.W.2d
at 828. After they knew that Maryland would delay payment of the policy proceeds due to the Henrys'
rival claim, the Evanses' attorney sent two demand letters to Maryland. The second letter, dated
December 11, 1981, asserted:


[P]lease accept this letter as formal demand for payment of all amounts accruing to Mr.
Evans under his contract of insurance with your company. Unless payment is made within
ten (10) days of receipt of this letter, we will be forced to seek legal redress for all said
amounts plus additional costs, expense and attorneys' fees.


The date by which payment was demanded is significant: it approximated the day proceeds would be
payable under the policy's sixty-day period for investigation. This letter reveals that the Evanses knew they
had a legal remedy against Maryland commencing on that date. Because their home was a total loss,
accrual of the Evanses' cause of action would not be delayed further to determine the amount of loss. By
that time, the Evanses knew they faced a legal challenge to their claim for the policy proceeds--not from
Maryland but from the Henrys. They also knew by that date that Maryland intended not to pay their claim
until this disputed claim had been resolved. The Evanses' delay in filing suit cannot be attributed to
Maryland's lulling them into inaction by making unfulfilled promises to pay their claims. See Murray, 800
S.W.2d at 828 n.2 (limitations will be tolled if an insurance company strings an insured along without
denying or paying a claim). After being served with the writ of garnishment, Maryland sought to obtain the
Evanses' help in resolving the Henrys' rival claim to the proceeds. The Evanses were unavailable for sworn
statements; Maryland then answered the garnishment suit in February 1982 by denying any obligation to
Jack Evans. The Evanses had no further contact with Maryland until December 2, 1983, when their
present attorney renewed their claim for the policy proceeds. At that point they were still within the
limitations period for filing suit, but suit was not filed until April 3, 1985. We hold that, under the facts of
this case, the Evanses' cause of action accrued long before April 2, 1983--two years and one day before
suit was filed. At the earliest it accrued in December 1981, ten days after Maryland received their demand
letter and failed to pay the proceeds; at the latest it accrued in February 1982 with Maryland's answer
denying liability in the garnishment suit. (1) We do not need to determine the exact date of accrual, as suit was
not filed until well outside the limitations period. See Tectonic Realty Investment Co. v. CNA Lloyd's
of Texas Ins. Co., 812 S.W.2d 647, 654 (Tex. App.--Dallas 1991, no writ). Under these facts, the
Evanses' claim to the policy proceeds was barred by the statute of limitations. We sustain points of error
one and two. In light of this holding, we need not address the remaining points of error.


CONCLUSION

 Because the Evanses' cause of action on the contract was barred by limitations, we reverse
the judgment of the trial court and render judgment that the Evanses take nothing under the policy.


 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Reversed and Rendered

Filed: April 17, 1997

Do Not Publish
1. We reject the Evanses' contention that limitations did not begin to run against Taraz Evans until
September 30, 1983, when she turned eighteen years of age. See Tex. Civ. Prac. & Rem. Code Ann.
§ 16.001 (West 1986 & Supp. 1997). As a party to the insurance contract, Taraz Evans was bound by
the contractual limitations clause. See Suggs v. Travelers' Ins. Co., 9 S.W. 676, 677 (Tex. 1888); see
also Couch on Insurance § 75:60, at 62 & n.1; § 75:174, at 168 & n.2 (2d ed. 1983).



' cause of action had not
accrued until it filed suit, the trial court's findings of fact do not support its conclusion that this cause of
action was not barred by limitations. 

 When there is no outright denial of a claim, the exact date of accrual of a cause of action
becomes difficult to ascertain. No Texas law offers a bright-line test of when the cause of action accrues
in this circumstance, but we are guided by the supreme court's instruction that a cause of action accrues
when facts come into existence authorizing a claimant to seek a judicial remedy. See Murray, 800 S.W.2d
at 828. After they knew that Maryland would delay payment of the policy proceeds due to the Henrys'
rival claim, the Evanses' attorney sent two demand letters to Maryland. The second letter, dated
December 11, 1981, asserted:


[P]lease accept this letter as formal demand for payment of all amounts accruing to Mr.
Evans under his contract of insurance with your company. Unless payment is made within
ten (10) days of receipt of this letter, we will be forced to seek legal redress for all said
amounts plus additional costs, expense and attorneys' fees.


The date by which payment was demanded is significant: it approximated the day proceeds would be
payable under the policy's sixty-day period for investigation. This letter reveals that the Evanses knew they
had a legal remedy against Maryland commencing on that date. Because their home was a total loss,
accrual of the Evanses' cause of action would not be delayed further to determine the amount of loss. By
that time, the Evanses knew they faced a legal challenge to their claim for the policy proceeds--not from
Maryland but from the Henrys. They also knew by that date that Maryland intended not to pay their claim
until this disputed claim had been resolved. The Evanses' delay in filing suit cannot be attributed to
Maryland's lulling them into inaction by making unfulfilled promises to pay their claims. See Murray, 800
S.W.2d at 828 n.2 (limitations will be tolled if an insurance company strings an insured along without
denying or paying a claim). After being served with the writ of garnishment, Maryland sought to obtain the
Evanses' help in resolving the Henrys' rival claim to the proceeds. The Evanses were unavailable for sworn
statements; Maryland then answered the garnishment suit in February 1982 by denying any obligation to
Jack Evans. The Evanses had no further contact with Maryland until December 2, 1983, when their
present attorney renewed their claim for the policy proceeds. At that point they were still within the
limitations period for filing suit, but suit was not filed until April 3, 1985. We hold that, under the facts of
this case, the Evanses' cause of action accrued long before April 2, 1983--two years and one day before
suit was filed. At the earliest it accrued in December 1981, ten days after Maryland received their demand
letter and failed to pay the proceeds; at the latest it accrued in February 1982 with Maryland's answer
denying liability in the garnishment suit. (1) We do not need to determine the exact date of accrual, as suit was
not filed until well outside the limitations period. See Tectonic Realty Investment Co. v. CNA Lloyd's
of Texas Ins. Co., 812 S.W.2d 647, 654 (Tex. App.--Dallas 1991, no writ). Under these facts, the
Evanses' claim to the policy proceeds was barred by the statute of limitations. We su