

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00074-CV
_____

IN RE:  RUBY BRITT

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

## O P I N I O N

Ruby Britt sued her insurer, State Farm Mutual Insurance Company, alleging an uninsured motorist cause of action. After State Farm was served but failed to file a timely response, Britt obtained a default judgment on her claim for uninsured motorist benefits. Granting State Farm's motion, the trial court set aside the default judgment and ordered a new trial. Britt filed this petition for a writ of mandamus against the Honorable Will Biard of the 62nd Judicial District Court, asking this Court to order the judge to vacate his order granting a new trial and reinstate the default judgment.

We conditionally grant the writ of mandamus.

## I.     Procedural and Factual Background

Britt suffered damages resulting from various injuries and expenses resulting from a July 5, 2011, motor vehicle accident in which she was involved. In a February 19, 2015, letter to State Farm, Britt demanded compensation under the underinsured-motorist provisions of her State Farm insurance policy. State Farm denied her claim for coverage on March 26, 2015. Britt filed suit against State Farm, October 15, 2015, wherein she alleged that it had wrongfully denied her claim and sought relief; State Farm admits that it was regularly served March 20, 2016, with citation.

When State Farm failed to file a timely answer to Britt's petition, a default judgment hearing was held April 15, 2016. As evidence during that hearing, the trial court took "judicial notice of the Court's file including the return of service of citation on [State Farm] who has failed to file an answer or otherwise appear." Britt testified regarding her policy of insurance with State Farm and regarding her injuries and $50,000.00 damages caused by the car accident, and her

2

attorney testified that $5,000.00 was a reasonable and necessary attorney fee in the case. The trial court awarded Britt $50,000.00 in damages and $5,000.00 in attorney fees.

After State Farm was served with notice of the default judgment,[1] it filed a motion to set aside the default judgment and a motion for new trial. The motion and its attached affidavit argued that State Farm's failure to timely respond to the petition was due to a "clerical error in [State Farm's] monitoring system" and that the default judgment should be set aside because Britt's pleadings were not verified. During the hearing on its motion, State Farm also argued that Britt's claims were barred by the statute of limitations.[2] Nevertheless, after hearing the arguments of counsel, the trial court granted State Farm's motion, set aside the default judgment, ordered a new trial, and awarded Britt $1,500.00 attorney fees.

## II.     The Trial Court Erred in Setting Aside the Default Judgment

Britt filed this petition for writ of mandamus, asking this Court to order the trial court to vacate its order setting aside the default judgment and granting a new trial and, in so doing, reinstate the default judgment as previously entered.

As an extraordinary remedy, mandamus issues only when the record shows both a clear abuse of discretion by the trial court or the failure of the trial court to perform a ministerial act or

---

[1]*See* TEX. R. CIV. P. 239a.

[2]In its response to Britt's petition, State Farm also argued that "a denial of coverage" was a meritorious defense raised in its motion to set aside the default judgment. However, the context of the motion makes clear that the "denial of coverage" to which it refers is not truly a defense raised by State Farm, but merely a recitation of the facts as alleged by Britt. Furthermore, State Farm failed to provide even a prima facie case that its denial of coverage was meritorious. *See Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex.1993) (citing *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966)).

3

duty and the absence of an adequate remedy at law. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *In re Ingram*, 433 S.W.3d 769, 771 (Tex. App.—Texarkana 2014, orig. proceeding). We first determine whether the trial court abused its discretion in setting aside the default judgment and granting the new trial.

A default judgment should be set aside and a new trial ordered where (1) the failure leading to default was not intentional or the result of conscious indifference, but was due to mistake or accident; (2) the defendant has set up a meritorious defense to the plaintiff's claim; and (3) granting a new trial will not cause delay or otherwise work injury to the plaintiff. *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939). If any element of the three elements is not met, the trial court abuses its discretion by granting a new trial. *See Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994).

We address the meritorious-defense requirement of the *Craddock* test first because it is dispositive. To determine if State Farm has set up a meritorious defense, we look to the facts alleged in its motion and affidavit, regardless of whether they are controverted. *See id.* at 270. "The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." *McMurrey*, 858 S.W.2d at 392 (quoting *Ivy*, 407 S.W.2d at 214). A motion for new trial may set up "a meritorious defense if it alleges facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense." *Dolgencorp*

4

*of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 928 (Tex. 2009) (per curaim). State Farm's motion contained only conclusory statements.

Here, State Farm argued that the default judgment should be set aside because Britt's pleadings were not verified. In support of its argument, State Farm cited *Seib v. Bekker*, a case in which the Tyler court of appeals reversed the trial court's granting of a default judgment because the return of service was not verified. *Seib v. Bekker*, 964 S.W.2d 25, 28–29 (Tex. App.—Tyler 1997, no pet.). However, *Seib* is inapplicable to the facts of this case because State Farm's objection is to unsworn pleadings, not a complaint about an unsworn return of service. We would also note that the default judgment in this case is based on the testimony and evidence adduced at the default hearing rather than the pleadings alone.

During the hearing on its motion, State Farm argued (for the first time) that Britt's claims were barred by the statute of limitations. However, the limitations argument was not properly raised at trial because it was neither pled in State Farm's motion nor supported by an explanation or affidavit. *See Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966); *Evans*, 889 S.W.2d at 270. However, even though Britt objected at the time, no ruling on that objection was issued. Accordingly, the issue was not preserved.[3] Even so, the argument is without merit.

A claim for uninsured-motorist benefits is a matter of contract, because it is a claim on a debt rather than an action in tort; therefore, Britt's claim is governed by the four-year statute of

---

[3]*See* TEX. R. APP. P. 33.1(a); *see also* TEX. R. EVID. 103(a)(1).

limitations.[4]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3) (West 2002); *Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 791–92 (Tex. 1974); *Alvarez v. Am. Gen. Fire & Cas. Co.*, 757 S.W.2d 156 (Tex. App.—Corpus Christi 1988, no writ).  Britt's cause of action for underinsured-motorist coverage accrued and the statute of limitations commenced to run March 26, 2015, the date State Farm denied her claim.  *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990) (absent policy provision to contrary, cause of action under insurance policy accrues when insurer denies liability); *Webster v. Allstate Ins. Co.*, 833 S.W.2d 747, 750 (Tex. App.—Houston [1st Dist.] 1992, no writ); *Alvarez*, 757 S.W.2d at 158.  Britt filed her suit on October 15, 2015, less than one year after the denial of coverage.  Therefore, her claims were not barred by the statute of limitations, and even if it had been properly raised at trial, the limitations defense is without merit.  *See Evans*, 889 S.W.2d at 270; *Ivy*, 407 S.W.2d at 214.

Having concluded that State Farm failed to raise a meritorious defense, thereby failing to meet one of the *Craddock* elements, we find that the trial court abused its discretion by granting State Farm's motion.[5]  *See Evans*, 889 S.W.2d at 268.  However, in order to be entitled to mandamus relief, Britt must also lack an adequate remedy at law.

## III.    Britt Has no Adequate Remedy at Law

Where, during the period of time that it retains plenary jurisdiction, a trial court sets aside a default judgment which was entered, the order by which the default judgment was set aside and

---

[4]The question of when a cause of action accrues is a question of law for the court.  *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990).

[5]Having found that State Farm failed to meet one the *Craddock* elements, we need not address the remaining two elements.  *See Evans*, 889 S.W.2d at 268.

a new trial was granted is not reviewable on appeal (whether by direct appeal from the order or from a final judgment rendered after further proceedings in the trial court).[6] *Cummins v. Paisan Constr. Co.* 682 S.W.2d 235, 235–36 (Tex. 1984) (per curiam). That is the circumstance in this case. Thus, absent mandamus review, Britt would have no appellate review of the order granting a new trial. Accordingly, we find that Britt has no adequate remedy at law.

For the reasons described hereinabove, we conditionally grant the writ of mandamus and direct the 62nd Judicial District Court to vacate its order granting a new trial and to reinstate the default judgment. We are confident the trial court will promptly comply, and our writ will only issue if it does not.

Bailey C. Moseley
Justice

Date Submitted:      November 28, 2016
Date Decided:        November 29, 2016

---

[6]In only two instances have new trial orders rendered during the time a trial court had plenary power been reviewable by an appellate court: (1) when the trial court's order was void and (2) when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985) (orig. proceeding); *see Cummins*, 682 S.W.2d at 236. Neither of these exceptions is applicable in this case.