John Ruffalo, Youngstown, and Edwin Drake, Cleveland, for plaintiff in error.

James B. Kennedy, Youngstown, and Mark M. Gunlefinger, Youngstown, for defendant in error.

## WIRT v WIRT

Ohio Appeals, 7th Dist, Mahoning Co

Decided Sept 30, 1932

FARR, J.

Perhaps one need go no farther than the construction of certain statutes relating to the commencement of actions. The first is §11279 GC, which reads as follows:

"Summons to issue on petition. A civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon."

However, in this case it is claimed that there is a substitute for the issuance and service of summons. Another section which reflects directly upon the issue here is §11287 GC, which reads as follows:

"What equivalent to service. An action shall be deemed to be commenced within the meaning of this chapter as to each defendant at the date of the summons which is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him. When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication if it be regularly made."

So that it becomes readily apparent that the sole issue in this connection is whether or not the securing of these waivers and their retention until the 7th day of December, 1931, would constitute a voluntary appearance in the Court of Common Pleas. Of interest in this connection is a paragraph in Ruling Case Law, 1 R.C.L., 338, paragraph 20:

"What constitutes commencement of action. To commence a suit is to demand something by the institution of process in a court of justice. In the absence of a statute to the contrary, it is the general rule that an action is deemed commenced so far as the parties to it are concerned from the time that the writ, summons or other process is issued and delivered or put in course of delivery to the officer with a bona fide intent to have it served."

There is some further discussion of that subject which need not be here quoted, since the foregoing is the pertinent phrase of that paragraph. There is, however, some assistance in this jurisdiction upon this question. In **Feigi v Lopartkovich, 38 Oh Ap, 338 (9 Abs 69)**, in the second proposition of the syllabi, this principle is announced:

"Where a petition is filed and service of summons issued for defendant, the suit is not deemed commenced until the date of issuance of the summons which is thereafter properly served; and, unless such date is within the time prescribed by the statute of limitations for commencing the action, the plea of said statute will defeat the action."

The issuance of the summons is one important matter in this connection, but the other and equally important is the **service** of the summons thereafter.

Another case of interest is that of **Railroad Company v Goodman, 57 Oh St, 641.** There is but a brief paragraph announcing the conclusion of the court in this case. It reads as follows:

"Judgment reversed and cause remanded to the Court of Common Pleas on the ground that no jurisdiction was obtained of the person of the railroad company, there being no service of any process on said company."

The service of process mentioned in that connection would be broad enough to cover the signing of a waiver totally different in character, it is true, and yet it is defined as a statutory substitute for the issuance and service of summons.

Another case of interest is **Nichols v State of Ohio, 71 Oh St, 335,** and in the opinion of Shauck, J, this subject is discussed and

the same principle announced as in the foregoing. In this case the petition was filed. Perhaps out of very good motives counsel concluded that it would be cheaper in the conduct of litigation to secure a waiver of summons from each defendant. A number were secured, not all, but those waivers were taken to the office of counsel for contestants and filed as an office file. No party in interest had any notice that such waivers had ever been obtained and if they could be retained in the office of counsel for some two or three months before filing with the petition in the case, and by such course invest the court with jurisdiction, how very well they might have been retained for a year or perhaps a longer period, and it might at the expiration of a much extended period of time have been claimed that by securing the waivers and their retention that such operated as a voluntary appearance to the action.

And what is this "voluntary appearance" denominated by law and discussed in some of the cases cited? Not just the physical appearance of an individual in court, a court that might be in session or otherwise, but a voluntary appearance implies the appearance of a person against whom process might have issued, a person having an interest in the controversy, and that appearance might be for the purpose of a motion only, as was the appearance of Kennedy, the executor, or it might be an appearance to the issues in the cause. There are perhaps three ways by which defendants may become parties to an action: First, by the issuance and service of summons; Second, by waiver of summons, and Third, a party may appear and voluntarily submit himself to the jurisdiction of the court, and if so then he is estopped to deny that he has not had notice of the pendency of the action. To hold that waivers taken and retained would serve as a "voluntary appearance" to an action would be to render any service of summons unnecessary.

In view of the conclusion reached, it follows that the judgment of the court below must be affirmed, and it is so ordered.

ROBERTS and POLLOCK, JJ, concur.