## CHRISTENSEN v MAXEN et

Ohio Appeals, 9th Dist, Summit Co

No 2994. Decided March 9, 1938

Keeney, Larabee, Kepler & Wells, Akron, and Hale, Key, Kincaid & Sain, Columbus, for appellant.

Colton & Wendt, Akron, for appellee Henry Maxen, Exr., etc.

## OPINION

By STEVENS, PJ.

On January 27, 1937, the will of Delia Maxen, deceased, was admitted to probate. On July 26, 1937, a petition to contest said will was filed in the Court of Common Pleas of Summit county. On July 27, 1937, a precipe for summons was filed in the office of the clerk of courts of Summit county. On July 28, 1937, summons was issued to the sheriff of Summit county, who received the same at 9:08 a. m. on said day. On July 29, 1937, summonses were served by the sheriff upon four of the defendants named, and on subsequent dates summonses were issued for the remaining defendants.

On August 20, 1937, the defendant Henry Maxen, as executor of the estate of Delia Maxen, deceased, filed his motion to dismiss plaintiff's petition, for the reason that the action was not commenced within the statutory time for contesting a will. The trial court sustained said motion and dismissed plaintiff's petition; whereupon plaintiff appealed to this court on questions of law.

Sec. 12087, GC, provides:

"An action to contest a will or codicil shall be brought within six months after it has been admitted to probate * * * ."

Sec. 10504-32, GC, provides:

"If within six months after probate had, no person interested appears and contests the validity of the will, the probate shall be forever binding * * * ."

Sec. 11230, GC, provides:

"An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him * * * ."

Sec. 11279, GC, provides:

"A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

Sec. 10216, GC, provides:

"Unless otherwise specifically provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; except that the last shall be excluded if it be Sunday."

It is contended by the appellant that the defense of the statute of limitations must be raised by demurrer or answer, and may not properly be raised by motion.

In that connection it is necessary to consider the nature of statutory grant of the right to contest a will. Except for the statutory provision, there would be no right whatsoever to contest the will of a decedent.

Sec. 12087, GC, by its provisions limits the exercise of the right therein granted, by providing that the action "shall be brought within six months after it" (the will) "has been admitted to probate," and the Supreme Court, in Errett, Gdn. v Howert, 78 Oh St 109 at p. 112, and this court, in McCampbell v Southard, No. 859, Lorain county, has quoted

with approval the following statement from 19 Am. & Eng. Ency. Law (2 ed.) 150:

"A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates therefore, to extinguish the right altogether."

It must be conceded that the instant action was not commenced within six months, as provided in §12087, GC, if consideration be given to §§11230 and 10216, GC.

Wirt v Wirt, 13 Abs 11.

McLarren v Myers, Admr., 87 Oh St 88.

The action below not having been commenced within the time prescribed by the qualifying limitation attached to the grant of the right, the right itself was extinguished by ▮▮▮ lapse of time, and there remained no authority in the plaintiff to maintain the action and no jurisdiction in the court to hear and determine it.

McCord v McCord, et, 104 Oh St 274, at p. 276.

That applies as to both jurisdiction of the person and jurisdiction of the subject-matter.

As to the propriety of raising the question of lack of jurisdiction by motion, it is stated in 31 O. Jur., Pleading, Sec. 283:

"* * * It nevertheless is the practice in Ohio to object to the jurisdiction of the court over the person by motion, at least when the question of jurisdiction does not depend upon allegations in the petition upon the truth of which depends the plaintiff's right to recover; and in several cases the courts have ex-

pressly upheld the right to challenge the jurisdiction of the court over the person by motion filed for that purpose. In other words, while the question of jurisdiction over the person may be raised by answer or demurrer properly framed for that purpose, it is not the sole remedy; if the question can be raised by bringing before the court the facts, without raising an issue upon the allegations of the petition, a motion is a proper means of reaching it. * * *"

This rule, by implication, has been approved by the Supreme Court in Canton Provision Co. v Gauder, a minor, 130 Oh St 43.

The action not having been commenced within the time prescribed by the statute granting the right to maintain the action, there was no jurisdiction in the court to hear and determine the cause; and that question being such as may with propriety be raised by motion to dismiss, the motion to dismiss plaintiff's action was properly sustained by the trial court.

Our conclusion upon that question being dispositive of this case, we deem unnecessary a discussion of the other points raised by appellant.

Judgment affirmed.

WASHBURN, J, and DOYLE, J, concur.