**FEELEY et, Plaintiffs, v. FIRST NATIONAL BANK AND TRUST COMPANY OF HAMILTON, Exr. et, Defendants.**

Common Pleas Court, Butler County.

No. 60218. Decided May 17, 1948.

## OPINION

By BOLI, J.

This is an action by a niece and nephew to contest the will of Alice A. Allen who died on December 7, 1945, and whose will was admitted to probate on February 21, 1946.

This action was brought on November 29, 1946 some nine months after the probate of the will. In anticipation of the

question being raised as to the time in which the action was brought plaintiffs' petition sets out that they are and have been residents of the State of New York and that the executor of the estate of Alice A. Allen knew their address and that each of them are legatees under the will but that no notice of any kind was given them as required by law. That they had no knowledge of the death of testator until about August 11, 1946 and no knowledge of the admission of the will to probate until more than six months thereafter.

The matter is now before the Court upon motions of several defendants asking that the petition be dismissed for the reason that it was not filed within the time required by law.

The pertinent part of §10504-17 GC provides:

"No will shall be admitted to probate without notice to the surviving spouse and to the next of kin, if any, known to be resident of the state * * *."

The pertinent part of §10504-32 GC provides:

"If within six months after probate had, no person interested appears and contests the validity of the will, the probate shall be forever binding * * *."

Sec. 12087 GC provides in part as follows:

"An action to contest a will shall be brought within six months after it has been admitted to probate."

Plaintiffs rely upon §10504-23 GC, which in part provides as follows:

"When a will has been admitted to probate, the executor shall promptly give notice thereof by registered mail to the surviving spouse and to all legatees and devisees named in the will. Such notice shall mention the probate of the will and that the person notified is named therein as a beneficiary "

It is their claim that the positive terms of this section are such that compliance with these requirements is jurisdictional.

We have seen under §10504-17 GC, non-resident next of kin are not entitled to notice of the probate of the will. Persons who are legatees and devisees only are not such interested parties who have a right to contest a will since as beneficiaries their interest is in sustaining not contesting a will.

Thus, as next of kin, plaintiffs have a right to contest the will—a right they do not have as legatees or devisees only. Being non-resident next of kin they were not entitled to notice either before or after probate and therefore, after the lapse of six months could not bring an action to contest. Therefore, in our opinion §10504-23 GC, requiring the executor to notify legatees and devisees after probate was not meant to place them in a more favorable position than the much more interested next of kin.

It is as next of kin that plaintiffs have brought this action not as legatees and devisees, who alone are entitled to the notice in the above named section. If they were not also next of kin even tho the notice had been given them pursuant to that section, still they could not have contested the will.

In our judgment in providing that such notice shall mention the probate of the will and that the person notified is named therein as a beneficiary the purpose of the legislature was to apprise the beneficiary of the probate of the will and that he is a beneficiary so that he may take the necessary steps to see that his legacy or devise is secured to him.

"Sec. 12087 GC contains an enumeration of the exceptions extending the time for contesting a will, and all others should be deemed excluded. Exceptions in such statutes are strictly construed, and cannot be enlarged even from considerations of apparent hardship or inconvenience."

McVeigh v. Fetterman, 95 Oh St 292, at page 299.

This same case points out the significant fact that §12087 GC formerly included within its saving clause "persons absent from the state" but that by amendment in 1898 that exception was dropped from the statute.

To sustain the contention of plaintiffs in this case would amount to an annulment of the action of the Legislature amending §12087 GC because the saving clause dropped from that section would thus be reinstated by force of judicial construction.

Plaintiffs also question the procedure of defendants in attacking the petition by motion rather than by demurrer.

In the case of Christensen v. Maxen, 29 Abs 219, the second syllabus holds:

"The question of jurisdiction being one properly raised by motion to dismiss, a motion to dismiss a petition in an action to contest a will for not having been brought within the statutory time on which the right depends is made with propriety."

It is plaintiffs' contention this case is not in point because the facts excusing the delay in bringing the action were not set out as in the case at bar. And it is plaintiffs' claim that these questions of fact must be determined by the court.

In this we do not agree with plaintiffs since for the purpose of this motion to dismiss the Court must assume the truth of all of the facts alleged in plaintiffs' petition so that any finding or determination as to these facts is not necessary.

Because of this the motions of the defendants to dismiss the petition will be sustained.