STAUFFER, APPELLANT, *v.* THE OAKWOOD DEPOSIT BANK, APPELLEE.

(No. 150—Decided July 16, 1969.)

*Messrs. Weaner, Hutchinson & Zimmerman* and *Mr. Karl H. Weaner,* for appellant.
*Messrs. Stroup & Walters* and *Mr. Sumner J. Walters,* for appellee.

Guernsey, J. On July 30, 1962, a teller of defendant bank, acting under the instructions of its cashier, signed plaintiff Paul Stauffer's name to a counter check in the amount of $2,034 made payable to "Cash," debited same to plaintiff's checking account, and credited the checking account of one Rolland Porter with the same amount. On July 3, 1967, plaintiff filed his action against the bank to recover the sum of money thus charged to his account claiming that the withdrawal was not authorized. Upon trial plaintiff testified that his signature had been affixed to the counter check without his authority and the employees of the bank testified to the effect that they had no recollection of any specific authority personally communicated by plaintiff to the bank. Defendant's amended answer and the evidence further indicate that on or about September 30, 1962, plaintiff received from the bank a statement of his account reflecting such debit accompanied

by the cancelled counter check. Plaintiff was uncertain as to when he first reported the alleged unauthorized signature to the bank. The cashier testified that it seemed to him "like it was the first part of 1963." The trial court found, "Although there is no specific evidence of precisely when plaintiff so notified defendant, it is clear that it occurred no later than December 31, 1965."

The trial court further found that plaintiff was barred from recovery because he did not bring his action within one year from December 31, 1965, as required by Section 1304.29 (F), Revised Code, and entered judgment dismissing plaintiff's petition, which is the judgment from which this appeal is taken by the plaintiff. He claims error in that (1) the general verdict of the trial court is not sustained by the evidence and is contrary to law; (2) defendant was not entitled to raise the bar of the statute of limitations (Section 1304.29 [F]) without pleading same as an affirmative defense; and (3) the trial court ignored the undisputed evidence that the bank teller, with knowledge of the cashier, wrote a counter check payable to cash, signed plaintiff's name to it without his authority and then placed the money in another customer's account. The appellant, plaintiff below, argued, and we will dispose of, these assignments of error together.

Section 1304.29, Revised Code, reads, in pertinent parts, as follows:

"(A) When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries * * * the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature * * * on an item and must notify the bank promptly after discovery thereof.

"(B) If the bank establishes that the customer failed with respect to an item to comply with the duties imposed on the customer by division (A) of this section, the customer is precluded from asserting against the bank:

"(1) his unauthorized signature * * *.

"* * * *.

"(C) The preclusion under division (B) of this section does not apply if the customer establishes lack of ordinary care on the part of the bank in paying the item.

"(D) Without regard to care or lack of care of either the customer or the bank a customer who does not within one year from the time the statement and items are made available to the customer discover and report his unauthorized signature * * * on the face or back of the item * * * is precluded from asserting against the bank such unauthorized signature * * *.

"(E) If under this section a payor bank has a valid defense against a claim of a customer upon or resulting from payment of an item and waives or fails upon request to assert the defense, the bank may not assert against any collecting bank or other prior party presenting or transferring the item a claim based upon the unauthorized signature or alteration giving rise to the customer's claim.

"(F) An action against a bank arising out of an unauthorized signature or endorsement of the item must be brought within one year after the customer has notified the bank of his claim as required by the provisions of this section."

Defendant's amended answer discloses that it did allege the facts necessary to bring it within the protection of division (D) of Section 1304.29, but did not plead the limitation of action appearing in division (F) thereof. Plaintiff additionally claims that even had the defendant pleaded facts which would normally invoke the limitation of action contained in division (F), such limitation of action is not applicable in a case where the defendant bank, by and through the participation of its employees in the transaction, has absolute knowledge of whether the signature on the item was authorized.

Examination of division (D) of the statute shows that it is not a statute of limitations at all, for it does not purport to limit the time within which an action may be brought but merely creates a condition to the assertion of a claim of unauthorized signature. The claim may not be asserted unless the customer discovers and reports the

lack of authority within the statutory period of time. As appears from division (E), which is *in pari materia* with division (D), the failure to fulfill the condition is a defense which may be waived by a payor bank by failure to assert same. Thus it was an affirmative defense which the defendant bank had the burden of proving. However, as the defendant did plead this defense, the issue of whether it must be pleaded to be available is not before us. Nor may we find on the evidence, as a matter of law, that the discovery and report had not been made within the statutory period of time so as to preclude the plaintiff from asserting such unauthorized signature. The evidence is conflicting and inconclusive as to when the plaintiff made his discovery and report of the unauthorized signature, it appearing from the cashier's testimony that it could have been as early as "the first part of 1963" and from other evidence, and as found by the trial court, that it could have been as late as December 31, 1965. Defendant failed to prove this defense, and we cannot conclude, therefore, as a matter of law, that the defendant was entitled to judgment, notwithstanding the applicability of division (F) of the statute, because the plaintiff was precluded from asserting the unauthorized signature. We must, therefore, proceed to a consideration of the applicability of the statute of limitation set forth in division (F) of Section 1304.29, Revised Code.

Statutes of limitation are statutes of repose, the object of which is to suppress fraudulent and stale claims from springing up at great distances of time and surprising the parties when all the proper evidence is lost or the facts have become obscure from the lapse of time or the defective memory or death, or removal of witnesses. 53 Corpus Juris Secundum 902, Limitations of Actions, Section 1.

Under its contract of deposit with a customer a bank is bound to make payments strictly in accordance with the depositor's order, has a right to make repayment of a deposit without any writing in the nature of a check, order, or receipt, and incurs no liability thereby, if payment is

made to a person entitled to receive it. 9 Corpus Juris Secundum 673, Banks and Banking, Sections 330 and 331. If plaintiff had orally authorized the debit which was made against his account there would be no liability of the bank for making such debit in accordance with the authorization. If the entire transaction had involved only the plaintiff and the bank it might reasonably be argued that the bank had absolute knowledge of the authority which was being exercised and, for such reason, lapse of time would not cause the loss or obscurity of evidence needed to resist the depositor's claim of lack of authority. However, it cannot properly be said in this case that the bank had absolute knowledge of its authority. A third party was involved, namely Rolland Porter, the beneficiary of the charge against the plaintiff's account, who was also a depositor in the same bank. It is apparent from the record that Porter was throughly involved in the issue of the authority of the bank. He may have been the channel through which plaintiff's authority was transmitted to the bank. On the other hand, he may have intentionally or unintentionally represented to the bank that plaintiff had authorized the debit against his account when, in fact, he had not. If the bank's knowledge as to authority to charge depended on the knowledge and activities of this third party, then the bank's knowledge was not absolute, and, when sued by its depositor, the extent of its authority could be determined only by exploring the third party's part in the transaction. That being the case, the object of statutes of limitation of suppressing stale claims after the evidence has become obscured could be fulfilled only by giving to the bank the same protection that it would be given with relation to items presented for payment where the bank has no knowledge as to the circumstances of signing. We conclude that defendant bank was entitled to the protection of division (F), if claim to same was properly asserted.

What then is the character of the limitation appearing in division (F)? Is it an affirmative defense which must be pleaded and proved by the defendant?

"Usually it is essential to plead the statute of limitations in order to render it available as a defense, and a failure to plead it constitutes a waiver of the defense." 54 Corpus Juris Secundum 483, Limitations of Actions, Section 354.

See, also, *Towsley* v. *Moore*, 30 Ohio St. 184, and *Sheets* v. *Baldwin's Admrs.*, 12 Ohio 120.

"A statute which is not merely a statute of limitations but which creates an absolute bar of the right of action by the lapse of a certain period need not specially be pleaded in order to be rendered available." 54 Corpus Juris Secundum 491b, Limitations of Actions, Section 357.

The latter rule quoted is generally applicable only in those situations where the right of action did not exist at common law, and the right of action together with the limitation on it are created by the same legislation, such as in will contest actions. *McVeigh* v. *Fetterman*, 95 Ohio St. 292, and *Christensen* v. *Maxen*, 29 Ohio Law Abs. 219.

A careful examination of Section 1304.29, Revised Code, in its entirety, discloses that that statute does not create any right of action whatsoever in favor of a customer against a bank, but merely imposes a duty of due care on the customer to examine his statement to determine unauthorized charges against his account (division [A]); precludes the customer from making certain assertions if he violates such duty, unless the bank is also negligent (divisions [B] and [C]); precludes the customer from asserting lack of authority in any action unless he has within a certain specified time discovered and reported such lack of authority to the bank (division [D]); deprives the payor bank of certain recourse against any collecting bank or prior party if the payor bank has not asserted a valid defense which it has under the statute against the claim of its customer (division [E]); and limits the bringing of an action against the bank arising out of an unauthorized signature to within one year after the customer has notified the bank of the customer's claim (division [F]). On the contrary, the action here is the common-law action for money had and received, an action which

exists independently of the limitation. 9 Corpus Juris Secundum 646, Banks and Banking, Section 320.

Division (F) thus constitutes an ordinary statute of limitations limiting the time within which plaintiff's action had to be brought. It was essential that this be set forth in defendant's answer to render it available as a defense, for the failure to bring the action within the time specified in the statute did not otherwise appear in the record. The defendant's failure to plead the statute constituted a waiver of this defense, and the trial court committed error prejudicial to the plaintiff, appellant herein, in entering judgment against him because of the bar of the statute.

Since this case was not tried to a jury but to a three-judge court, since the error was an error, not in the findings of fact but in the conclusions of law, since the triers of the fact are still available, and since the controlling issue of fact as to the authority of the bank to make the debit has never finally been determined by them, the judgment is reversed and the cause is remanded to the trial court (consisting of such three judges) solely for the determination on the existing record of that controlling issue of fact and for the entry of a proper judgment pursuant to such determination.

*Judgment reversed.*

COLE, P. J., and YOUNGER, J., concur.