WILLIAM R. JENSEN vs. ESSEXBANK.

Essex. September 13, 1985. — October 7, 1985.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, & O'CONNOR, JJ.

*Bank and Banking. Forgery. Notice.*

· A customer of a bank was precluded from asserting that his former attorney
    had forged his signature on two checks drawn on his account, where
    the customer had not given notice to the bank under G. L. c. 106,
    § 4-406 (4), within one year after the bank had furnished the attorney
    with statements of the account in accordance with the customer's instruc-
    tions. [66-67]

CIVIL ACTION commenced in the Peabody Division of the
District Court Department on October 20, 1983.

The case was heard by *James B. Tiffany, Jr.,* J.

*Edward M. Perry* for the plaintiff.

*Lincoln Z. Jalelian* (*Cerise Jalelian* with him) for the defend-
ant.

NOLAN, J. The plaintiff's complaint charges the defendant
bank with breach of contract, negligence and a violation of
the Consumer Protection Act, G. L. c. 93A, arising from
payment of two checks on which his signature was allegedly
forged. After a trial in a District Court resulted in judgment
for the bank, the case was reported to the Appellate Division,
which stated that there was no error in the trial judge's disposi-
tion of the plaintiff's requests for rulings. We affirm the order
dismissing the report.

The plaintiff opened a checking account at the bank on
March 7, 1981, with a deposit of $7,500, to facilitate payment
of bills from the sale of his business. Although he signed a
bank form in which he designated himself the sole signatory
of the account, he directed the bank to send all bank statements

and blank checks to his attorney.[1] From time to time he would request his attorney to send him blank checks for his use.

A check for $5,000 was drawn on the plaintiff's account on April 17, 1981, and a check for $500 was drawn on this account on July 1, 1981. These checks were drawn to the order of his attorney but the plaintiff denied the authenticity of the signatures on the checks. When the plaintiff attempted to cash a check drawn on this account on August 25, 1981, he was informed that his account was overdrawn. He tried without success to reach his attorney, and to obtain copies of his bank statements. He was told that the bank had mailed them to his attorney in accordance with his instructions. He does not dispute that he gave the bank such instructions.

The plaintiff's former attorney was suspended from the practice of law on February 9, 1982, and was later disbarred. The plaintiff did not notify the bank of the forgeries until July 9, 1983. The plaintiff's requests for rulings touch directly or indirectly the application of G. L. c. 106, § 4-406, which, in part, precludes the plaintiff from asserting the unauthorized signature on the two checks because he failed to notify the bank of the forgeries within one year from the time that the statements were available to him. G. L. c. 106, § 4-406 (4) (1984 ed.). It is not open to the plaintiff to demonstrate negligence on the part of the bank. *Id*. He authorized the bank to send statements to his attorney and the bank complied. See G. L. c. 106, § 4-406 (1); *Westport Bank & Trust Co.* v. *Lodge,* 164 Conn. 604, 611-612 (1973).

The one-year period in § 4-406 (4) is not a statute of limitations which might not start to run until the plaintiff knew or should have known of his attorney's treachery, as the plaintiff argues. It is a statutory prerequisite of notice. It does not govern the time within which an action must be commenced but rather governs the time within which a party to a contract is obligated to act (in this case, give notice to the bank). See comments 5 & 7 to § 4-406 (4) of the Uniform Commerical Code, 2A U.L.A. (Master ed. 1977). Other jurisdictions have adopted this view. See *Space Distribs., Inc.* v. *Flagship Bank,* 402

---

[1] Plaintiff is represented by new counsel in this action.

So.2d 586, 589 (Fla. 1981); *Indiana Nat'l Corp*. v. *Faco, Inc.,* 400 N.E.2d 202, 205 (Ind. App. 1980); *Brighton, Inc*. v. *Colonial First Nat'l Bank,* 176 N.J. Super. 101, 108-110 (1980); *Silvia* v. *Industrial Nat'l Bank,* 121 R.I. 810, 816-817 (1979); An Analysis of Bank Defenses to Check Forgery and Alteration Claims Under Uniform Commercial Code Articles 3 and 4: Claimants' Negligence and Failure to Give Notice, 10 Pepperdine L. Rev. 1, 36 (1982).

It necessarily follows that the plaintiff's claims in contract and in negligence must fail. The one sentence in his brief which touches the plaintiff's claim under G. L. c. 93A is hardly an argument which compels our attention. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975).

*Order dismissing report affirmed.*