619 So.2d 328 (1993)
Steven E. GERBER, Appellant,
v.
CITY NATIONAL BANK OF FLORIDA, Appellee.
No. 92-1638.
District Court of Appeal of Florida, Third District.
May 4, 1993.
Rehearing Denied June 22, 1993.
Garry C. Faske, North Miami, for appellant.
Lapidus & Frankel and Robert Frankel, Miami, for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
LEVY, Judge.
A bank customer appeals the dismissal of his complaint against a bank as being barred by Section 674.406(4), Florida Statutes (1991). Based upon our finding that the one-year time limitation in Section 674.406(4) is a notice requirement, and not a statute of limitations, we reverse.
Steven Gerber had a joint checking account with his mother at City National Bank of Florida. In March of 1992, Gerber filed suit against the bank, seeking to recover for checks allegedly forged on the account between January of 1990 and May of 1990. The bank filed a motion to dismiss, claiming that the suit was barred by Section 674.406(4). Section 674.406(4), which is based upon U.C.C. Section 4-406(4), states:
Without regard to care or lack of care of either the customer or the bank a customer who does not within 1 year from the time the statement and items are made available to the customer (subsection (1)) discover and report his unauthorized signature or any alteration on the face or back of the item or does not within 3 years from that time discover and report any unauthorized indorsement is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration.
*329 Specifically, the bank argued that Gerber was barred from recovering because he had not filed suit within one year of the bank making available to Gerber the bank statements which reflected the forged checks.[1] The trial court agreed with the bank, and dismissed the complaint.
On appeal, Gerber argues that Section 674.406(4) is not a statute of limitations, which requires a customer to actually file suit against a bank within the one-year period, but is merely a notice requirement, which must be satisfied in order for a customer to preserve the right to bring suit against the bank at a later time. We agree.
When called upon to interpret a statute, we must give effect to the plain and unambiguous meaning of the words used. Pardo v. State, 596 So.2d 665, 667 (Fla. 1992); Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984); Fabre v. Marin, 597 So.2d 883, 885 (Fla. 3d DCA 1992). Section 674.406(4) merely requires a customer to "discover and report" an unauthorized signature, or else be "precluded from asserting" liability against the bank. Section 674.406(4) does not require that suit be filed, nor does it state that an action "shall be commenced." Compare § 674.406(4) with § 95.11, Fla. Stat. (1991) (language used in limitation of actions statute differs significantly from that used in Section 674.406(4)). Section 674.406 only imposes on bank customers, who are in a better position to detect forgeries than bank personnel, a duty to notify a bank of an unauthorized signature in order to facilitate discovery and prevention of further wrongdoing. Accordingly, we read Section 674.406(4) as imposing a notice requirement, which acts as a condition precedent to the right to sue, and not a statute of limitations. See Space Distributors, Inc. v. Flagship Bank of Melbourne, N.A., 402 So.2d 586, 589 (Fla. 5th DCA 1981).
While we acknowledge a split of authority on this issue, we believe our interpretation of U.C.C. Section 4-406(4), which is in accord with numerous other jurisdictions, is the better reasoned approach. See G & R Corp. v. American Security & Trust Co., 523 F.2d 1164, 1170 (D.C. Cir.1975); Coastto-Coast Stores, Inc. v. Citizens Bank, 676 F. Supp. 923, 925 (E.D.Ark. 1987); Hanover Ins. Cos. v. Brotherhood State Bank, 482 F. Supp. 501, 505 (D.Kan. 1979); Indiana Nat'l Corp. v. FACO, Inc., 400 N.E.2d 202, 205 (Ind. Ct. App. 1980); Jensen v. Essexbank, 396 Mass. 65, 483 N.E.2d 821, 822 (1985); Knight Communications, Inc. v. Boatmen's Nat'l Bank of St. Louis, 805 S.W.2d 199, 202 (Mo. Ct. App. 1991); Brighton, Inc. v. Colonial First Nat'l Bank, 176 N.J. Super. 101, 422 A.2d 433, 437 (Ct.App. Div. 1980), aff'd, 86 N.J. 259, 430 A.2d 902 (1981); Stauffer v. Oakwood Deposit Bank, 19 Ohio App.2d 68, 249 N.E.2d 848, 852 (1969); McMickle v. Girard Bank, 356 Pa.Super. 521, 515 A.2d 16, 17 (1986); Silvia v. Industrial Nat'l Bank of R.I., 121 R.I. 810, 403 A.2d 1075, 1078 (1979); Republic Nat'l Life Ins. Co. v. U.S. Fire Ins. Co., 589 S.W.2d 737, 742 (Tex.Civ.App. 1979), rev'd on other grounds, 602 S.W.2d 527 (Tex. 1980). See also, 7 Ronald A. Anderson, Anderson on the Uniform Commercial Code, § 4-406:11 (3d ed. Supp. 1992) ("The section of the Code in question is not a time limitation of the right to sue but it is a limitation on the period in which notice of a claim against the bank must be given.").
We recognize that when a series of checks, rather than a single check, are alleged to have been improperly honored by a bank, the proper application of Section 674.406(4) may serve to preclude a customer's recovery on some checks, while allowing *330 recovery on others, depending upon when bank statements are issued and when notice is given. See Space Distributors, 402 So.2d at 589; Sun 'N Sand, Inc. v. United California Bank, 21 Cal.3d 671, 148 Cal. Rptr. 329, 344, 582 P.2d 920, 935 (1978).
We therefore reverse and remand, giving Gerber leave to file an amended complaint.[2]
Reversed and remanded.
NOTES
[1] The bank relied on Southern Contract Carpet, Inc. v. County National Bank of South Florida, 528 So.2d 42 (Fla. 3d DCA 1988), in arguing that Section 674.406(4) contains a statute of limitations. However, Southern Contract Carpet focused on the definition of an unauthorized signature under the statute. There was no mention or discussion of any notice that may or may not have been given by the customer to the bank in that case. Despite the existence of dicta which might be construed to the contrary, the issue of whether Section 674.406(4) contains a statute of limitations or just a notice requirement was not material to the ratio decidendi of Southern Contract Carpet. Having not been previously decided by this Court, the issue is open for our consideration.
[2] Although Section 674.406(2)(b) was briefly mentioned by counsel at oral argument, it was not raised as an issue in this appeal. Accordingly, we do not address the applicability of that section to the facts herein.