Cratsley, J.
Plaintiff, Robert Francis Construction Co., Inc. (Francis), brought this contract action to recover $137,000 which it alleges defendant MassB-ank for Savings (MassBank) wrongfully paid out upon a series of checks which were forgeries made by plaintiffs bookkeeper, Dominic DiLuzio (DiLuzio). Defendant moves for partial summary judgment on the grounds that M.G.L.c. 106, §4-406(4), as a matter of law, provides an absolute bar to plaintiffs claims with respect to any statement or item made available to plaintiff over one year prior to November 14, 1991, the date of notice given to MassBank of the discovered forgeries. For the reasons set forth below, defendant’s motion for partial summary judgment is ALLOWED.
BACKGROUND
The following facts are stated in the light most favorable to the plaintiff.
In 1978 Francis established a corporate checking account with MassBank which by its terms allowed for the withdrawal of money by checks. Prior to November 14,1991 Francis deposited funds in the account totaling more than $137,000which MassBank agreed to pay out upon order of Francis’ president, Robert Francis, or its treasurer, Don Francis. Plaintiff claims that from 1986 to November 14, 1991 MassBank misapplied $137,000 based upon a series of checks purportedly made by Robert Francis or Don Francis which were, in fact, forgeries made by Francis’ bookkeeper, DiLuzio, who deceptively removed and concealed the forged checks before Robert Francis inspected the company checks for forgeries. Upon discovery of the unauthorized signatures Francis notified MassBank that it had made payments on forged signatures. In addition to the misapplication claim Francis alleges negligence and wrongful acceptance by MassBank.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. *182 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass 550, 553 (1976); Mass.R.Civ.P. 56(c). It is first the burden of the moving parly to establish the absence of a triable issue; the party in opposition must then “respond and allege specific facts” with countervailing materials to establish a material issue of fact which would preclude summary judgment. Peterson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party’s burden may be satisfied either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating “that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourovacilis v. General Motors Corp., 410 Mass. at 716; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Flesner v. Technical Communications Corp., 410 Mass. at 809. The moving party may move for summary judgment as to “any part” of a claim such that partial adjudications of the nonmoving party’s claim are practicable. Mass.R.Civ.P. 56(b).
Plaintiffs complaint charges defendant with misapplication of funds as a result of the negligent management of plaintiffs checking account and wrongful acceptance of forged checks. Defendant argues that M.G.L.c. 106, §4-406(4) presents an absolute bar to plaintiffs claims for payments made by defendant on checks with forged signatures made more than a year from the date that the statement and items were made available to plaintiff. As such, defendant contends that regardless of any negligence or wrongdoing on its part, the plaintiff is precluded from asserting claims with respect to any statement or item returned to Francis over one year prior to November 14, 1991 (i.e. prior to November 14, 1990). This Court agrees.
M.G.L.c. 106, §4-406(1) reads, in relevant part, “[w]hen a bank sends to its customer a statement of account accompanied by items paid in good faith . . . or otherwise makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature . . . and . . . notify the bank promptly after discovery thereof.” Further, §4-406(4) provides that “(wjithout regard to care or lack of care of either the customer or bank a customer who does not, within one year from the time the statement and items are made available to the customer (subsection (1)) discover and report his unauthorized signature ... is precluded from asserting against the bank such unauthorized signature ...” In clarification of these provisions the Official Comment to §4-406 states: “[wjhether the preclusion rule of subsection (2) operates depends upon determinations as to ordinary care of the customer and possibly of the bank. However, subsection (4) places an absolute time limit on the right of a customer to make claim for payment of altered or forged paper without regard to care or lack of care of either the customer or the bank. In the case of alteration or the unauthorized signature of the customer himself, the absolute time limit is one year . . . This recognizes that there is little excuse for a customer not detecting an alteration of his own check or a forgery of his own signature.” 2B Uniform Laws Annotated, 400-01 (West 1991). Likewise, the Massachusetts Code Comment states that “[s]ubsection (4) is phrased broadly enough to catch the customer who fails to detect unauthorized signatures or alterations when he examines the returned items but whose examination was nevertheless performed with due care.” M.G.L.c. 106 §4-406 at 99 (West 1990).
Francis’ complaint claims that MassBank acted negligently in misapplying $137,000 upon a series of forged checks from 1986 to November 14, 1991. Such negligence, Francis contends, reflects the bank’s inadequate procedures for signature card comparisons and account reviews necessary to determine any unusual patterns of activity on clients’ checking accounts. Additionally, Francis argues that as DiLuzio concealed the forged checks from his employer, the forged checks were not “made available” to Francis under §4-406 until November 14, 1991. As DiLuzio was an “unfaithful servant,”[1] plaintiff argues, notice of the forgeries cannot be imputed to Francis. Francis thus could not “discover and report” the unauthorized signature within one year of receiving the checks in compliance with the statute’s provision.
Although much of §4-406 deals directly with the duty of due care owed by a bank to its customer such provisions are irrelevant to the merits of defendant’s summary judgment motion. The statute is clear that irrespective of any duty of care imposed on a bank there is an unconditional duty imposed on a customer to discover and report forgeries to the bank within one year of receipt of the corresponding statements and items. While Francis alleges the bank’s negligence, Francis does not claim that MassBank acted in bad faith in paying out the checks.[2] Nor does Francis dispute that MassBank furnished the statements and items at issue and that all such statements and items were received by the company.[3] Any contention that the statements and items were somehownot “made available” to Francis who could not then “discover and report” DiLuzio’s unauthorized signatures flies in the face of the unambiguous language of the statute and Massachusetts case law on point: “The one year period in §4-406(4) is not a statute of limitations which might not start to run until the plaintiff knew or should have known of his [employee’s] treachery, as the plaintiff argues. It is a statutory prerequisite of notice. It does not govern the time within which an action must be commenced but rather governs the time within which a party to a contract is obligated to act (in this case, give notice to the bank).”[4] Jensen v. Essexbank, 396 Mass. 65, 66 (1985); see also Kiernan v. Union Bank, 55 C A.3d 111 (1976).
As Francis has made no allegations that MassBank acted in bad faith within the meaning of the statute and Francis’ discovery and notice of the forgeries at issue were made more than one year from the date that *183 the statement and items were made available to Francis, this Court rules that Francis’ claims asserted against MassBank based upon statements and items prior to and including those of October 31, 1990[5] are barred by §4-406(4) as a matter of law.
ORDER
For the foregoing reasons, it is ORDERED that defendant MassBank’s motion for partial summary judgment is ALLOWED.

 Plaintiff cites Jackson v. First Nat’lBank ofMemphis, Inc., 55 Tenn.App. 545 (1966), in support of the proposition that the knowledge of an embezzling employee is not imputed to the employer. However, Jensen v. Essexbank, 396 Mass. 65 (1985), indicates that Massachusetts adopts the view of a majority of jurisdictions that “(mjisplaced confidence in an employee will not excuse a depositor from the duty of notifying the bank . . . the depositor is chargeable with the knowledge of all facts a reasonable and prudent examination of his bank statement would have disclosed if made by an honest employee.” K&K Manufacturing, Inc. v. Union Bank, 129 Ariz. 7, 10(1981); see also Pine Bluff National Bank v. Kesterson, 257 Ark. 813 (1975); Exchange Bank Trust Co. v. Kidwell Construction Co., 463 S.W.2d 465 (Tex.Civ.App. 1971); Faber v. Edgewater National Bank, 101 N.J.Super. 354 (1968). “The fact that the employee of a bank’s customer has concealed a forgery does not obviate the customer’s responsibility to examine his own bank statements.” Kieman v. Union Bank, 55 Cal.App.3d 111, 115 (1976) (employer held to have imputed notice of bookkeeper’s forgeries by reason of employment relationship); see also Westport Bank, Inc. v. Lodge, 164 Conn. 604 (1973); K&K Manufacturing, Inc. supra

Under the Massachusetts Commercial Code, the standard of “good faith” is defined as “honesty in fact in the conduct or transaction concerned.” G.L.c. 106, §1-201(19) (1986 ed.). There are no elements of “due care” or “commercial reasonableness” in the concept of “good faith.” Conduct which is negligent or commercially unreasonable does not, without more, constitute dishonesty in fact. McCarthy, Kennedy & Reidy, P.C. v. First National Bank of Boston, 402 Mass. 630 (1988).

“The general duty of a customer to exercise reasonable care and promptness to examine his bank státements and items to discover his unauthorized signature . . . becomes operative when the bank does any one of three things with respect to the statement of account and supporting items paid in good faith. The first action is the sending of the statement and items to the customer . . .” 2B Uniform Laws Annotated, 399-400 (West 1991). Thus, even if Francis had not received the statements and items MassBank fulfilled its statutory requirement of sending them thereby triggering Francis’ duty of care.

This Court acknowledges that most jurisdictions agree that where a customer establishes a bank’s failure to follow reasonable commercial standards, the preclusion effect embodied in §4-406 (i.e. that a plaintiff who was himself negligent is precluded from asserting claims against the bank) is not available to the bank without regard to any alleged negligence of the issuer. See, for example, Damakauskas v. Bank of Boston-Western Massachusetts (1991); 1991 Mass.App.Div. 169. First National Bank of Boston v. Hovey, et al, 10 Mass.App.Ct. 715, 723 (1980). This rule, however, is only invoked where a plaintiff has failed to examine his bank statements for a “significant length of time,” but still within one year from the receipt of the bank statements. Claims regarding forged checks contained in statements and items sent to the customer prior to one year from the date of notice to the bank are always precluded by the absolute bar of §4-406(4).

his is the date of the last statement sent outside of one year from November 14, 1991 (i.e. the date notice was given by Prancis to MassBank of the forgeries). As MassBank statements are mailed to customers at the end of each month, any claims which correspond to statements and items sent by MassBank to Francis from November 30, 1990 to October 31, 1991 fall within the one year notice provision and are thus not precluded by §4-406(4). (See Carroll Affidavit, ¶4.)