720 So.2d 596 (1998)
Leonard LOWENSTEIN, Appellant,
v.
BARNETT BANK OF SOUTH FLORIDA, N.A., Appellee.
No. 98-1384.
District Court of Appeal of Florida, Third District.
October 21, 1998.
*597 Leonard Lowenstein, in proper person.
Lucio, Mandler, Croland, Bronstein, Garbett, Stiphany & Martinez and David S. Garbett, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and GREEN, JJ.

On Motion For Clarification
PER CURIAM.
We grant appellee's motion for clarification solely to correct the Florida statute cited and we substitute the following opinion for our original opinion which was issued on October 1, 1998.
A bank customer appeals a final judgment dismissing his claim against the bank for repayment of a number of alleged forged checks. We affirm.
In 1991, the customer opened two accounts at Barnett Bank. He claims that between 1991 and 1994 Barnett cashed eighty one forged checks. During this time, the customer was in federal custody at two different correctional institutions. In 1995, some months after his release and the discovery of the discrepancies, the customer signed affidavits of forgery for $100,553.20.
Thereafter, Barnett notified him the bank would not repay the funds sought, and the customer filed the instant action. The customer claimed that in his absence and without his permission the checks had been forged by a family member. Barnett maintained that although statements had been regularly sent to the customer,[1] as to all but the last six checks, the customer failed to discover and report the forgeries within one year. Thus, the bank argued, the customer was precluded from recovery under section 674.406(4) Florida Statutes (1991), moved after January 1, 1993, to section 674.406(6) Florida Statutes (1995).
After a hearing on the matter, final judgment was entered against Barnett for $21,032.88, based on Barnett's stipulation to liability on the last six alleged forged checks, the balance of the customer's claim was rejected and final judgment was issued in Barnett's favor.
Section 674.406(6) provides as did its predecessor:
Without regard to care or lack of care of either the customer or the bank, a customer who does not within 1 year after the statement or items are made available to the customer (subsection (1)) discover and report the customer's unauthorized signature on or any alteration on the item is precluded from asserting against the bank the unauthorized signature or alteration. If there is a preclusion under this subsection, the payor bank may not recover for breach of warranty under s. 674.2081 with respect to the unauthorized signature or alteration to which the preclusion applies.
As mandated by section 674.406, the customer had an obligation to examine bank statements and notify the bank within one year of any claimed errors. The customer's failure to timely discover and report the forgeries, bars his claim as a matter of law. See Gerber v. City Nat'l Bank of Fla., 619 So.2d 328 (Fla. 3d DCA 1993); Space Distribs., Inc. v. Flagship Bank, 402 So.2d 586, 589 (Fla. 5th DCA 1981). Having failed to fulfill this statutory obligation, the customer cannot recover for the alleged forgeries at issue.
Accordingly, the order under review is affirmed.
NOTES
[1] The evidence demonstrated that the statements had been sent to the address listed by the customer. While some of the later statements may have been misdirected, no one timely notified the bank that any statement had not been received. Accordingly, these facts in no way relieved the customer of his statutory obligations, and are non-determinative of the instant dispute.