OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Daniel J. O'Brien, appeals from a final judgment of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellee, First National Bank of PA. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
The following facts are relevant to this appeal. On November 30, 1998, appellant filed a complaint in the Trumbull County Court, Eastern Division, alleging that appellee had permitted a former girlfriend to forge his signature and withdraw approximately $6,236 from two separate savings accounts that he had maintained with appellee. In total, appellant claimed that there were ten different fraudulent transactions over a seventeen-month period, the first one occurring on August 20, 1992, and the final withdrawal taking place on December 17, 1993.
Appellee filed an answer in which it denied all of the allegations contained in the complaint. In addition, appellee also raised several affirmative defenses, including that appellant's claim was barred by any applicable statute of limitations.
The case was transferred to the Trumbull County Court, Central Division, where appellee filed a motion for summary judgment. In its motion, appellee argued that it was entitled to judgment as a matter of law because appellant's cause of action was barred by the four-year statute of limitations in R.C.2305.09(B).
In response, appellant filed a combination motion in opposition to/for summary judgment in which he argued that his claim was not barred by R.C. 2305.09(B). Rather, he maintained that his cause of action was subject to the six-year statute of limitations found in former R.C. 1101.08(F).[1] In the alternative, appellant argued that if R.C. 2305.09(B) was applicable to his case, the discovery rule in R.C. 2305.09(D) tolled the running of the statute of limitations until August 2, 1996, the date he alleged he first became aware of the fraudulent withdrawals.
Appellee subsequently filed a motion in opposition to appellant's motion for summary judgment. Included in the motion was a supplemental argument in support of its motion for summary judgment that appellant's claim was also barred by former R.C.1304.29 because appellant had failed to notify appellee of the alleged forgeries in a timely manner.[2]
On June 9, 1999, the trial court granted appellee's motion for summary judgment. In doing so, the court found that the four-year statute of limitations in R.C. 2503.09(B) was applicable. Furthermore, the trial court concluded that the statute began running at the time appellee paid on the allegedly forged signatures, and not when appellant claimed he discovered the withdrawals.
From this judgment entry, appellant filed a timely notice of appeal. He now asserts the following two assignments of error for our review:
 "[1.] The trial court erred by granting the defendant/appellee's motion for summary judgment that the four (4) year statute of limitations applies to the case at bar, to the prejudice of the plaintiff/appellant.
 "[2.] The trial court erred by granting the defendant/appellant's [sic] motion for summary judgment that the four (4) year statute of limitations applies to the case at bar without application of the discovery rule, clearly to the prejudice of plaintiff/appellant."
 Because appellant's two assigned errors involve related issues, we will consider them in a consolidated fashion. Appellant argues that the trial court erred in applying the four-year statute of limitation in R.C. 2305.09(B) when it granted appellee summary judgment. Appellant believes that the court should have applied R.C. 1101.08 and its six-year statute of limitation when determining whether or not his cause of action was timely. Nevertheless, appellant argues in the alternative that if R.C. 2305.09(B) is applicable, the trial court erred in concluding that the discovery rule in R.C. 2305.09(D) did not toll the running of the statute.
At the outset, we note that summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Leibreich v. A.J. Refrigeration, Inc. (1993), 67 Ohio St.3d 266,268.
Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner
(1993), 67 Ohio St.3d 337, 340, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
The party seeking summary judgment on the grounds that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Id. at 293.
If this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party if appropriate. Id.
In his complaint, appellant alleged that appellee either negligently or intentionally allowed a former girlfriend to withdraw funds from two of appellant's savings accounts. This claim presents a somewhat troublesome analysis in that such a claim sounds in tort, and, thus, would be normally subject to the four-year statute of limitations in R.C. 2305.09.
Appellant, however, is seeking damages equal to the amount of the lost funds. Accordingly, appellant's cause of action is actually grounded in contract theory because he was attempting to exercise rights based on the bank/customer relationship, which the Supreme Court of Ohio has determined is contractual in nature.G.F.D. Enterprises, Inc. v. Nye (1988), 37 Ohio St.3d 205, 212. See, generally, R.C. 1304.01(A)(5) (defining "customer" as "a person having an account with a bank or for whom a bank has agreed to collect items * * *[.]").
R.C. Chapter 1304, which is Ohio's version of Article Four of the Uniform Commercial Code ("UCC"), governs the duties and liabilities in cases involving bank deposits and collections. In situations where a bank pays an item on a forged signature, former R.C. 1304.29 describes the customer's rights and obligations. Former R.C. 1304.29 also sets forth the time in which a customer must notify the bank of a forgery. It states in pertinent part:
 "(A) When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant to a request or instructions of the customer or otherwise in a reasonable manner makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof.
 "(B) If the bank establishes that the customer failed with respect to an item to comply with the duties imposed on the customer by division (A) of this section, the customer is precluded from asserting against the bank:
 "(1) his unauthorized signature or any alteration on the item if the bank also establishes that it suffered a loss by reason of such failure; and
 "(2) an unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank after the first item and statement was available to the customer for a reasonable period not exceeding fourteen calendar days and before the bank receives notification from the customer of any such unauthorized signature or alteration.
 "(C) The preclusion under division (B) of this section does not apply if the customer establishes lack of ordinary care on the part of the bank paying the item.
 "(D) Without regard to care or lack of care of either the customer or the bank a customer who does not within one year
from the time the statement and items are made available to the customer discover and report his unauthorized signature or any alteration on the face or back of the item * * * is precluded from asserting against the bank such unauthorized signature * * *.
"* * *
 "(F) An action against a bank arising out of an unauthorized signature * * * must be brought within one year after the customer has notified the bank of his claim as required by the provisions of this section." (Emphasis added.)
 Thus, former R.C. 1304.29 places a duty on the customer to promptly review each bank statement in an effort to detect any suspicious activity. The purpose of such an obligation is to "`* * * encourage promptness and good business practices on the part of bank customers, and to relieve banks of any liability to their customers who fail to follow such practices. * * *'" Haney v. First Fed. S. L. Assn. of Toledo (Sept. 16, 1988), Lucas App. No. L-87- 397, unreported, at 12-13, 1988 Ohio App. LEXIS 3723, quoting Indiana Natl. Corp. v. FACO, Inc. (1980), 400 N.E.2d 202, 205.
Not only does a customer have an obligation to inspect the account statements received from his or her bank, the customer has an additional burden to promptly notify the bank of any suspected forgeries or alterations. If the customer fails to do so, he or she is precluded from bringing a cause of action based on the alleged forgeries or alterations, and is not entitled to have his or her account recredited.
There are in fact two separate statute of limitations that a customer must meet to bring a suit under former R.C. 1304.29. The first, subsection (D), will preclude a customer's recovery based on a forged signature or alteration if the customer failed to notify the bank within one year from the time the account statement and items were made available to the customer. Ed StinnChevrolet, Inc. v. Natl. City Bank (1986), 28 Ohio St.3d 221, 232. As noted in Official Comment 5 to former R.C. 1304.29:
 "* * * [division] [D] places an absolute burden on the right of a customer to make a claim for payment of altered or forged paper without regard to care or lack of care of either the customer or the bank. In the case of alteration or the unauthorized signature of the customer himself the absolute time limit is one year * * *. This recognizes that there is little excuse for a customer not detecting an alteration of his own check or forgery of his own signature." (Emphasis added.) See, also, Ed Stinn Chevrolet, at 232 ("The UCC provision functions as a statute of limitations which extinguishes stale claims where the customer is not diligent in detecting and reporting forged instruments.") But, see, Stauffer v. Oakwood Deposit Bank (1969), 19 Ohio App.2d 68, paragraph one of the syllabus ("Division (D) of Section 1304.29, Revised Code, is not a statute of limitations limiting the time within which an action shall be brought. * * *")
 Therefore, the customer must first notify the bank within one year of any alleged forgery or alteration. Furthermore, if the customer chooses to bring suit based on that forgery or alteration, the claim must be filed within one year after the customer notified the bank of his claim as required in subsection (D). Former R.C. 1304.29(F). A customer who fails to file his or her cause of action within that one year time limit, is barred by the statute of limitations from pursuing such claim. See, generally, Savin v. Cent. Trust Co., N.A.
(1995), 106 Ohio App.3d 465, 471; O'Mara Enterprises, Inc. v. Heritage Bank, N.A. (Aug. 13, 1992), Jefferson App. No. 91-J-6, unreported, at 16, 1992 Ohio App. LEXIS 4163; Levens Corp. v. Aberth (July 19, 1989), Summit County App. No. 13927, unreported, at 14-15, 1989 Ohio App. LEXIS 2845; Third Natl. Bank and Trust Co. v. Kastner (Dec. 19, 1985), Montgomery App. No. CA 9324, unreported, at 3-4, 1985 Ohio App. LEXIS 9908.
A review of the relevant case law in this area shows that former R.C. 1304.29 has been applied, in the overwhelming majority of cases, to situations involving checking accounts. Nevertheless, we see no reason why former R.C. 1304.29 would not be just as applicable in situations involving a savings account because the term "account," as defined in R.C. 1304.01(A)(1), includes savings accounts. As a result, we conclude that R.C.1304.29 is applicable to the case at bar.
Appellee cites to Palmer Mfg. Supply, Inc. v. BancOhioNat'l Bank (1994), 93 Ohio App.3d 17, to support the proposition that the four year statute of limitations in R.C. 2305.09 applies to the instant matter. See, also, Druso v. Bank One of Columbus
(1997), 124 Ohio App.3d 125; Leichliter v. Natl. City Bank ofColumbus (Sept. 9, 1999), Franklin App. No. 98AP-1232, unreported, at 10-12, 1999 Ohio App. LEXIS 4183; Brentar v. Rupert (Dec. 17, 1998), Cuyahoga App. No. 73903, unreported, at 5-7, 1998 Ohio App. LEXIS 6111. However, these decisions are easily distinguishable from the present one in that the rights and duties asserted either did not evolve from the bank/customer relationship, or the court failed to consider the application of former R.C. 1304.29 when making its decision. G.F.D. Enterprises at 215 (noting that former R.C. 1304.29 only applies to banks and their depository account customers.)
Accordingly, this court concludes that neither the six-year statute of limitations in R.C. 1101.08, nor the four-year statute of limitations in R.C. 2305.09 apply to the instant matter. Instead, when the duty breached is based on a contract of account between a bank and its account holder, the appropriate statute of limitations is found in former R.C. 1304.29.
Although appellee argued in his motion in opposition to appellant's motion for summary judgment that R.C. 1304.29 barred appellant's cause of action, the trial court did not address this contention in granting appellee summary judgment. Moreover, the record before us is incomplete as to if and when appellant received a timely statement of account from appellee, and as to when the withdrawal slips were made available for appellant to review. Without this information, this court is unable to determine whether or not appellant is barred by the provisions of former R.C. 1304.29. Therefore, appellant's two assignments of error are without merit.
Based on the foregoing analysis, the judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.
[1] During the summary judgment exercise conducted in the trial court and in the briefs filed with this court, both parties refer to R.C. 1109.69(F) when referencing the six-year statute of limitations. However, R.C. 1109.69 amended and recodified former R.C. 1101.08 and did not become effective until January 1, 1997. Thus, we will apply the prior version of the statute when necessary.
[2] R.C. 1304.29 was amended and recodified by R.C.1304.35 effective August 14, 1994. Accordingly, we will apply the prior version of the statute.